ORIGINAL

1  Linda M. Lawson (Bar No. 77130)
   LLawson@mmhllp.com
2  Brian K. Mazen (Bar No. 130777)
   BMazen@mmhllp.com
3  MESERVE, MUMPER & HUGHES LLP
   300 South Grand Avenue, 24th Floor
4  Los Angeles, California 90071-3185
   Telephone: (213) 620-0300
5  Facsimile: (213) 625-1930

6  Attorneys for Plaintiff
   MASSACHUSETTS MUTUAL LIFE
7  INSURANCE COMPANY

FILED

07 DEC 12 PM 12: 58

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

BY FAX

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10                          '07 CV 2326 LAB WMc

11  MASSACHUSETTS MUTUAL LIFE    )   Case No.
    INSURANCE COMPANY,           )
12                               )   COMPLAINT FOR RESCISSION
              Plaintiff,         )   AND DECLARATORY RELIEF
13                               )
       vs.                       )
14                               )
    THE ESTATE OF JULIAN         )
15  HERMOSILLO, a California Probate )
    Estate,                      )
16                               )
              Defendant.         )
17  _____)

18                        **PARTIES**

19      1.    MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY

20  ("MassMutual") was and now is, an insurance company existing under the laws of

21  the Commonwealth of Massachusetts, with its principal place of business located in

22  Springfield, Massachusetts.

23      2.    MassMutual is duly qualified to engage in, and is engaging in, the

24  business of insurance in the State of California.

25      3.    MassMutual is informed and believes, and on that basis alleges that

26  prior to his death the subject applicant and proposed insured and owner of the

27  subject Whole Life insurance policy, Julian Hermosillo ("Julian"), deceased, was at

28  all relevant times a resident and citizen of La Mesa, California, County of San

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

88685.1                          1                    COMPLAINT FOR RESCISSION AND
                                                      DECLARATORY RELIEF

1  Diego, and that Julian executed and submitted the subject Application for life
2  insurance in San Diego, California, County of San Diego.

3      4.    MassMutual is informed and believes, and on that basis alleges that
4  Defendant THE ESTATE OF JULIAN HERMOSILLO ("the Estate") is, or will be,
5  the probate estate of Julian and that it is being, or will be, administered in the State
6  of California, County of San Diego.

7

8  ## JURISDICTION AND VENUE

9      5.    This is an action of a civil nature of which this Court has original
10  jurisdiction pursuant to 28 U.S.C. Sections 1332(a)(1) and 1332(c)(1), in that the
11  suit is being brought between diverse parties, and the controversy involves a life
12  insurance policy providing benefits in excess of $75,000.00, i.e., $250,351.00.

13      6.    Venue is proper in the Southern District of California under 28 U.S.C.
14  Section 1391(a) because the Estate is being administered, and a substantial part of
15  the events or omissions giving rise to the claims for which relief is sought
16  arose/arise in this District.

17

18  ## FACTUAL BACKGROUND

19      7.    On March 7, 2007, Julian, as the applicant and proposed insured and
20  owner, completed, signed and submitted Part 1 of a written Application
21  ("Application") for life insurance to MassMutual. Page 8 of Part 1 of the
22  Application indicates that it was executed in San Diego, California. In Part 1 of the
23  Application, Julian applied for a Whole Life policy in the face amount of
24  $250,000.00. The beneficiary of the applied for life insurance policy was Julian's
25  nephew, Tito Edwin Hermosillo ("Tito"). A true and correct redacted copy of said
26  Part 1 of the Application is attached hereto as Exhibit "A."

27      8.    Question number 10.a. of Section K of Part 1 of the Application asks:
28  "In the last 10 years have you used cocaine, barbiturates, narcotics, stimulants,

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

88685.1

2

COMPLAINT FOR RESCISSION AND
DECLARATORY RELIEF

1    hallucinogens, or other controlled substances not prescribed by a physician?"  In

2    response to this question, it is check marked "No."

3        9.    Question number 10.b. of Section K of Part 1 of the Application asks:

4    "In the last 10 years have you received treatment, attended a program or been

5    counseled for alcohol or drug abuse, or been advised by a health professional to

6    reduce the use of alcohol?"  In response to this questions, it is check marked "No."

7        10.    Question number 9. of Section I of Part 1 of the Application asks:

8    "Within the last 10 years, has the insured been convicted of operating a motor

9    vehicle while under the influence of alcohol or other drugs?"  In response to this

10   question, it is check marked "No."

11       11.    Question number 1.a of Section I of Part 1 of the Application asks:

12   "Have you smoked cigarettes during the last 12 months?"  In response to this

13   question, it is check marked "No."

14       12.    In executing Part 1 of the Application, Julian stated and represented to

15   MassMutual in Section L entitled "Agreements and Signatures," among other things,

16   that:

17       **Liability of Company** – This is part 1 of an application
         for life insurance. The application includes any part 2 that

18       may be required and any amendments and supplements to
         either part.  Provided there has been no change in the

19       insurability of the proposed insured(s) since the date of
         this application, the insurance applied for will take effect

20       on the later of date (A) or (B) as defined below:  (A) the
         date the last of all of the following has occurred:  (1) The

21       Company issues a life insurance policy without
         amendment to the application or request for a statement

22       verifying the current insurability of the insured(s); and (2)
         The first premium is paid while the Insured(s) is (are)

23       alive.  (B) The policy date requested by the owner.  If
         there has been a change in the insurability of the proposed

24       insured(s) between the date of the application and the
         policy issue date, or the Company has issued the policy

25       with an amendment or a request for a statement verifying
         the current insurability of the proposed insured(s), the

26       insurance policy issued will take effect when the
         Insured(s) (and owner, if different) signs and otherwise

27       does not modify the policy delivery receipt and any
         required amendments to the application and/or statements

28       of insurability accepting the policy as issued and certifying
         that all statements related to the insurability of the

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

88685.1                                            3

COMPLAINT FOR RESCISSION AND
DECLARATORY RELIEF

insured(s) made in the application and any supplements are true and complete as though made on the date the policy delivery receipt and any required amendments to the application and/or statements of insurability were signed. (Emphasis added.)

**Changes and Corrections** – Any material change or correction of the Application will be shown on an Amendment of Application attached to the policy. Acceptance of any policy issued shall be acceptance of any change or correction of the application made by the Company.

. . .

**ANY POLICY ISSUED AS A RESULT OF MATERIAL MISSTATEMENT OMISSION OF FACTS MAY BE VOIDED, AND THE COMPANY'S ONLY OBLIGATION SHALL BE TO RETURN THE PREMIUMS PAID.** (Emphasis original.)

To the best of my knowledge and belief, all statements made in this Part 1 are complete and true and were correctly recorded. I hereby adopt all statements made in the application and agree to be bound by them. (Emphasis added.)

13.   On Mach 7, 2007, Julian, as the applicant, proposed insured and owner, and premium payor, completed, signed and submitted a written Temporary Life Insurance Receipt ("TLIR") to MassMutual in connection with his Application for life insurance. A true and correct copy of this TLIR is attached hereto as Exhibit "B."

14.   This TLIR provides on page 1, in pertinent part, the following:

Subject to the terms and conditions of this Temporary Life Insurance Receipt (TLIR), an individual applying for insurance may be eligible for limited temporary life insurance coverage for a limited period of time if the answer to each of the following health questions is "No."

15.   Question number 1.b. of the Health Questions of the TLIR asks: "In the past five years, has the proposed insured: Received treatment, attended a program or been counseled for alcohol or drug abuse or been advised by a health professional to receive such treatment?" In response to this question, it is check marked "No."

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

88685.1                                    4

COMPLAINT FOR RESCISSION AND
DECLARATORY RELIEF

16. The TLIR further provides on page 2 under the heading **"Terms and Conditions,"** in pertinent part, the following:

> **Eligibility**. Proposed Insured(s) are eligible for this coverage . . . . if the answer to all Health Questions is "No."
>
> . . .
>
> **Contestability and Suicide**. The Company may contest the validity of the insurance pursuant to this receipt, and deny any benefit due for any material misrepresentation of fact made on this receipt or the Application, which includes the Part 1, Part 2 and any amendments and supplements to either part. . . . the Company's only liability will be to return the initial payment received to the Owner named in the Application.

17. On March 8, 2007, Julian, as the applicant and proposed insured and owner, completed, signed and submitted Part 2 of the written Application to MassMutual. Page 3 of Part 2 of the Application indicates that it was executed in San Diego, California. A true and correct redacted copy of Part 2 of the Application is attached hereto as Exhibit "C."

18. Question number 6 of Part 2 of the Application asks: "Have you ever received any treatment in relation to alcoholism or use of alcohol?" In response to this question, it is check marked "No."

19. Question number 7 of Part 2 of the Application asks: "Have you ever used barbiturates, narcotics, cocaine or other controlled substances not prescribed by a physician?" In response to this question, it is check marked "No."

20. Question number 5.a. of Part 2 of the Application asks: "Have you smoked cigarettes in the past 12 months?" In response to this question, it is check marked "No."

21. In executing Part 2 of the Application, Julian stated and represented to MassMutual on Page 3 under the heading "Agreement and Signatures," among other things, that:

> I agree that: (1) this application consists of Parts 1 and 2 and any amendments and supplements which shall be

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

88685.1                                    5                    COMPLAINT FOR RESCISSION AND
DECLARATORY RELIEF

1    attached to the policy if issued ...  To the best of my
     knowledge and belief, all information is complete and true
2    and was correctly recorded before I signed my name
     below. (Emphasis added.)
3

4    22.    In reliance on each and every statement and representation made in,

5    among other things, Parts 1 and 2 of the Application and the TLIR, MassMutual

6    approved and issued the subject Whole Life insurance policy, No. 32 032 887 (the

7    "Policy") to Julian with a issue and policy date of March 19, 2007. The insured and

8    owner of the Policy was Julian. The beneficiary of the Policy was Tito. The Policy

9    provided life insurance benefits in the face amount of $250,351.00. (an amount

10   different than what was applied for in the Application) and did not contain a Waiver

11   of Premium benefit (as was applied for in the Application.) MassMutual alleges that

12   the Policy was never delivered to or received by Julian.

13   23.    Based on the material changes made to the policy applied for in the

14   Application, on or about March 15, 2007, MassMutual issued an Amendment of

15   Application for Julian's Application for life insurance with MassMutual. A true and

16   correct copy of the Amendment of Application and Policy Delivery Receipt is

17   attached hereto as Exhibit "D." This Amendment of Application provides, in

18   pertinent part, the following:

19   The following changes and additional statements as
     indicated below are made with respect to the application
20   for insurance described above. This Amendment shall be
     a part of the application and will be subject in all respects
21   to the agreements contained in the application.

22   QUESTION B19 OF THE PART 1 IS:
     $250,351
23
     QUESTION B23 OF THE PART 1
24   [pertaining to Julian's request for a Waiver of
     Premium benefit] IS: NOT APPLICABLE.
25

26   24.    MassMutual alleges that the Amendment of Application was never

27   executed or submitted to MassMutual by Julian.

28   25.    Julian died on March 29, 2007. On or after June 22, 2007, MassMutual

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

88685.1                    6                    COMPLAINT FOR RESCISSION AND
                                                DECLARATORY RELIEF

1   received a claim for benefits under the Policy and/or the TLIR from Tito, as the

2   Policy's and/or the TLIR's beneficiary.

3       26.   In investigating the claim submitted, MassMutual discovered for the

4   first time that certain material representations and statements contained in, among

5   other things, Part 1 and Part 2 of the Application and the TLIR completed and

6   submitted by Julian appeared to be false.

7       27.   MassMutual is informed and believes, and based on such information

8   and belief alleges that, contrary to Julian's representations in Question number 10.a.

9   of Section K of Part 1 of the Application, in the last 10 years Julian had used

10  cocaine, barbiturates, narcotics, stimulants, hallucinogens, or other controlled

11  substances not prescribed by a physician.

12      28.   MassMutual is informed and believes, and based on such information

13  and belief alleges that, contrary to Julian's representations in Question number 10.b.

14  of Section K of Part 1 of the Application, in the last 10 years Julian had received

15  treatment, attended a program, or been counseled for alcohol or drug abuse, or been

16  advised by a health professional to reduce the use of alcohol.

17      29.   MassMutual is informed and believes, and based on such information

18  and belief alleges that, contrary to Julian's representations in Question number 9 of

19  Section I of Part 1 of the Application, within the last 10 years Julian had been

20  convicted of operating a motor vehicle while under the influence of alcohol or other

21  drugs.

22      30.   MassMutual is informed and believes, and based on such information

23  and belief alleges that, contrary to Julian's representations in Question number 1.b.

24  of the Health Questions of the TLIR, in the past five years Julian had received

25  treatment, attended a program or had been counseled for alcohol or drug abuse or

26  had been advised by a health professional to receive such treatment.

27      31.   MassMutual is informed and believes, and based on such information

28  and belief alleges that, contrary to Julian's representations in Question number 6. of

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

88685.1                                    7                    COMPLAINT FOR RESCISSION AND
                                                               DECLARATORY RELIEF

1   Part 2 of the Application, Julian had received treatment in relation to alcoholism or

2   use of alcohol.

3       32.   MassMutual is informed and believes, and based on such information

4   and belief alleges that, contrary to Julian's representations in Question number 7. of

5   Part 2 of the Application, Julian had used barbiturates, narcotics, cocaine or other

6   controlled substances not prescribed by a physician.

7       33.   MassMutual is informed and believes, and based on such information

8   and belief alleges that, contrary to Julian's representations in Question number 1.a.

9   of Section I of Part 1 of the Application, Julian smoked cigarettes during the last 12

10   months.

11       34.   MassMutual is informed and believes, and based on such information

12   and belief alleges that, contrary to Julian's representations in Question number 5.a.

13   of Part 2 of the Application, Julian had smoked cigarettes in the past 12 months.

14       35.   MassMutual had no knowledge or information that the representations

15   made by Julian regarding his personal and health history, condition and treatment

16   were false until after it issued the Policy on March 19, 2007.

17       36.   The Policy contains the following provision regarding its

18   incontestability:

19         We rely on all statements made by or for the Insured in the
          application. Legally, these statements are considered to be

20         representations and not warranties. We can bring legal action to
          contest the validity of this policy for any material

21         misrepresentation of a fact.
          ...

22

23         In the absence of fraud, we cannot contest the validity of this
          policy after it has been in force during the lifetime of the Insured

24         for two years after its Issue Date, except for failure to pay
          premiums.

25

26                  **FIRST CLAIM FOR RELIEF**

27             **(Rescission – Against All Defendants)**

28       37.   MassMutual incorporates by reference Paragraphs 1 through 36 of this

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

88685.1         8         COMPLAINT FOR RESCISSION AND
                        DECLARATORY RELIEF

1  Complaint as if fully set forth herein.

2      38.   Julian' responses to the Questions set forth above in the Application

3  and the TLIR were false and failed to accurately disclose Julian's true personal and

4  health history, condition and treatment.

5      39.   At the time Julian made these representations, he knew the

6  representations were false and incomplete.

7      40.   Julian made these representations and failed to disclose material,

8  factual information that should have been disclosed with the intent that MassMutual

9  rely on the information provided when issuing the Policy and the TLIR.

10      41.   Julian's misrepresentations were material to the risks undertaken by

11  MassMutual in issuing the Policy and the TLIR. If Julian had accurately disclosed

12  his true personal and health history, condition and treatment, or if the true facts had

13  been made known to MassMutual by Julian prior to or at the time of the issuance of

14  the Policy and/or the TLIR, the Policy and the TLIR would not have been issued by

15  MassMutual, nor would the premiums paid by Julian for the Policy or the TLIR

16  have been accepted by MassMutual.

17      42.   MassMutual reasonably and justifiably relied on Julian's

18  misrepresentations, and the limited and incomplete and/or false information that was

19  provided by him.

20      43.   Based on Julian's misrepresentations and failure to disclose all relevant

21  information, he induced and deceived MassMutual to its detriment, to issue the

22  Policy and the TLIR.

23      44.   Because the Policy was issued with an Amendment to the Application,

24  because the Policy was never delivered to Julian, and/or because Julian never

25  executed the Amendment to the Application nor the Policy Delivery Receipt, Julian

26  failed to satisfy an express condition precedent to coverage under the Policy that the

27  Policy will not take effect unless and until the insured/owner signs and does not

28  modify the Amendment to the Application and Policy Delivery Receipt. Thus, the

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

88685.1                              9                    COMPLAINT FOR RESCISSION AND
                                                         DECLARATORY RELIEF

1  Policy never took effect and is void, and MassMutual is not and will not be liable to
2  anyone for claims arising thereunder.

3      45.    Because of Julian's material misrepresentations and failure to disclose
4  all relevant information, the Policy and the TLIR are void and of no force or effect
5  since their dates of issue, and MassMutual is not and will not be liable to anyone for
6  claims arising thereunder.

7      46.    Based upon the facts set forth in this Complaint, MassMutual has
8  sought and hereby seeks rescission of the subject life insurance Policy and the TLIR.
9  Pursuant to California Civil Code Section 1691, on December 7, 2007 MassMutual
10  gave notice of its rescission of MassMutual's life insurance Policy No. 32 032 887
11  and the TLIR to Julian's Estate by mailing and overnight delivering a Notice of
12  Rescission letter to the Estate and/or its representative. A true and correct copy of
13  that Notice of Rescission letter is attached hereto as Exhibit "E." Pursuant to
14  California Civil Code Section 1691, this pleading shall also serve as notice of
15  rescission of MassMutual's life insurance Policy No. 32 032 887 and the TLIR.

16      47.    Julian has paid $160.73 in premiums for the Policy and the TLIR.
17  Pursuant to California Civil Code Section 1691(b), on December 7, 2007
18  MassMutual, through its Notice of Rescission letter, restored to Julian and/or his
19  Estate everything of value which it received from Julian under the Policy and TLIR,
20  to wit: the premiums paid, plus interest. Because it is currently unknown to
21  MassMutual if the Estate has been established and/or an Estate representative has
22  been appointed to accept MassMutual's return of all consideration furnished by
23  Julian under the subject insurance contracts, pursuant to California Civil Code
24  Section 1691(b), MassMutual also hereby offers to restore all consideration
25  furnished by Julian under the subject insurance contracts on the condition that Julian
26  and/or his Estate restore to MassMutual the subject Policy and the TLIR issued by
27  MassMutual, and that the Policy and the TLIR be declared null and void.
28  MassMutual now stands ready, willing, and able to tender to the Estate and/or its

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP
88685.1                        10                        COMPLAINT FOR RESCISSION AND
                                                          DECLARATORY RELIEF

1 representative all premiums and everything of value MassMutual received from
2 Julian for said Policy of insurance and/or the TLIR.
3
4 ## SECOND CLAIM FOR RELIEF
5 **(Declaratory Relief – Against All Defendants)**
6     48.   MassMutual incorporates by reference Paragraphs 1 through 47 of this
7 Complaint as if fully set forth herein.
8     49.   An actual controversy has arisen and now exists between MassMutual
9 and the Estate concerning their respective rights and duties under the Policy and the
10 TLIR.
11     50.   MassMutual contends that because the Policy was issued with an
12 Amendment to the Application, because the Policy was never delivered to Julian,
13 and/or because Julian never executed the Amendment to the Application nor the
14 Policy Delivery Receipt, Julian failed to satisfy an express condition precedent to
15 coverage under the Policy that the Policy will not take effect unless and until the
16 insured/owner signs and does not modify the Amendment to the Application and
17 Policy Delivery Receipt. Therefore, the Policy never took effect and is void and of
18 no force and effect, and MassMutual is not and never will be liable to anyone
19 thereunder.
20     51.   MassMutual contends that because of the material misrepresentations,
21 fraudulent statements and concealments by Julian concerning his personal and
22 health history, condition and treatments, the Policy and/or the TLIR are void and of
23 no force and effect since their inception, and MassMutual is not and never will be
24 liable to anyone thereunder. MassMutual further contends that said Policy of
25 insurance and the TLIR have been rescinded.
26     52.   MassMutual is informed and believes, and based upon such
27 information and belief alleges that the Estate disputes these contentions and
28 contends that the Policy and the TLIR are and have been in full force and effect

LAW OFFICES:
MESERVE,
MUMPER &
HUGHES LLP

88685.1

11

COMPLAINT FOR RESCISSION AND
DECLARATORY RELIEF

1  since their inception.

2      53.   In the alternative, MassMutual contends that an actual controversy has

3  arisen and now exists between MassMutual and the Estate concerning their

4  respective rights and duties under the Policy and the TLIR.

5      54.   A judicial declaration is necessary and appropriate at this time so that

6  the parties may ascertain their respective rights and duties under the Policy and the

7  TLIR and determine the validity of the Policy and/or the TLIR and, in the

8  alternative, determine whether benefits are payable under the Policy and/or the

9  TLIR.

10

11      **WHEREFORE**, MassMutual prays for Judgment as follows:

12      1.   For an Order that Policy No. 32 032 887 (the "Policy") issued by

13  MassMutual to Julian never took effect or came into existence and is void and of no

14  force and effect as Julian failed to satisfy an express condition precedent to coverage

15  under the Policy;

16      2.   For an Order that the Policy and the Temporary Life Insurance Receipt

17  ("TLIR") issued by MassMutual to Julian be cancelled and rescinded as of the date

18  of their inception;

19      3.   For an Order that the Estate be ordered to surrender the original Policy

20  and the original TLIR and all copies in their possession for cancellation;

21      4.   For an Order declaring that the Policy and the TLIR are null, void, and

22  of no legal force and effect and are unenforceable from their inception;

23      5.   For an Order declaring that Tito Edwin Hermosillo ("Tito") has no

24  interest in the Policy and/or the TLIR from their inception, and that MassMutual is

25  not responsible for, liable for, or obligated to pay any current or future claim for

26  benefits asserted by Tito and/or anyone else under the Policy or the TLIR.

27      6.   For a declaration of the rights and duties of the parties with respect to

28  said Policy of insurance and the TLIR;

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

88685.1

12

COMPLAINT FOR RESCISSION AND
DECLARATORY RELIEF

1      7.    For an Order that MassMutual recover its costs and attorneys' fees

2 incurred herein; and

3      8.    For such further and other relief as the Court may deem just, proper and

4 equitable.

5

6 Dated: December 12, 2007          MESERVE, MUMPER & HUGHES LLP

                                  Linda M. Lawson

7                           Brian K. Mazen

8                           By: _____

9                           Brian K. Mazen

                           Attorneys for Plaintiff

10                        MASSACHUSETTS MUTUAL LIFE

                           INSURANCE COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP


**MassMutual**
FINANCIAL GROUP™

*32032887*

## Application Part 1

To the Company as defined below:

☐ Massachusetts Mutual Life Insurance Company
    1295 State Street, Springfield, Massachusetts 01111-0001
☐ C.M. Life Insurance Company
    100 Bright Meadow Boulevard, Enfield, Connecticut 06082
    www.massmutual.com

For: ☒ New Business
    ☐ Term Conversion
    ☐ Insurability Option

IF 3/8/07
Cu

**(A)  Proposed Insured(s)**    Complete this section for all cases

▶ **Primary Insured – Insured 1**

1. Sex  ☒ Male  ☐ Female

2. Name (First, Middle, Last, Suffix)
Julian Hermosillo

3. Marital Status ☐ Married ☒ Single ☐ Divorced ☐ Widowed

4. DOB ███████ Birthplace San Diego, CA

5. Social Security # ███████

6. Driver's License # ███████ State CA

7. Citizenship, if not USA
(complete Foreign Travel Supplement F6290 for non-U.S. citizens)

8. Annual Earned Income $ ███████

9. Financial Net Worth $ ███████

10. Telephone Numbers
Home ███████  Work ███████
Best time to call Daytime ☐ am ☐ pm at ☐ Home ☒ Work

11. Residential Address (#, Street, Apt. #, City, State, Zip)
La Mesa, CA 91941

12. Employer Name & Address (#, Street, Apt. #, City, State, Zip)
HB Power Capital
La Mesa, CA 91941

13. Occupation/Duties President, CCFC

▶ **Secondary Insured – Insured 2**    For: ☐ Survivorship  ☐ Other Insured Rider (Other)  ☐ Applicant's Waiver of Premium Rider (Payer)

14. Sex  ☐ Male  ☐ Female

15. Name (First, Middle, Last, Suffix)

16. Marital Status ☐ Married ☐ Single ☐ Divorced ☐ Widowed

17. DOB _____ Birthplace _____

18. Social Security # _____

19. Driver's License # _____ State _____

20. Citizenship, if not USA
(complete Foreign Travel Supplement F6290 for non-U.S. citizens)

21. Annual Earned Income $ _____

22. Financial Net Worth $ _____

23. Telephone Numbers
Home (___) _____  Work (___) _____
Best time to call _____ ☐ am ☐ pm at ☐ Home ☐ Work

24. Residential Address (#, Street, Apt. #, City, State, Zip)

25. Employer Name & Address (#, Street, Apt. #, City, State, Zip)

26. Occupation/Duties _____

A60CA803

1

**B | Policy Information**                    Complete this section for all cases

▶ **Term Life**

1. Plan _____

2. Face Amount $ _____

3. ☐ Waiver of Premium

4. ☐ Accidental Death Benefit $ _____

5. Other Riders – indicate type (and amount if applicable)
   ☐ _____
   ☐ _____

6. Details _____

▶ **Variable or Universal Life**

7. Plan _____

8. Face Amount $ _____

9. Planned Premium $ _____

10. Non-1035 Unscheduled Premium $ _____

11. Loan Rate ☐ Fixed ☐ Adjustable

12. Death Benefit Option
    ☐ 1-Level          ☐ 3-Return of Premiums
    ☐ 2-Increasing     ☐ 4-Increasing by Separate Account

13. Definition of Life Insurance
    ☐ Cash Value Test   ☐ Guideline Premium Test

14. Waiver of Premium Riders (indicate amount if applicable)
    ☐ Waiver of Monthly Charges
    ☐ Disability Benefit $ _____
    ☐ Waiver of Specified Premium $ _____

15. Other Insured Riders (OIR)
    ☐ Self    $ _____
    ☐ Other  $ _____

16. Other Riders – indicate type (and amount if applicable)
    ☐ _____
    ☐ _____

17. Details _____

▶ **Whole Life**

18. Plan ___WL___

19. Face Amount $ ___250,000___

20. Automatic Premium Loan ☒ Yes ☐ No

21. Loan Rate ☐ Fixed ☒ Adjustable

22. Dividend Option ☒ Paid-up Additions ☐ Cash ☐ _____

23. Waiver of Premium ☒ Insured 1 ☐ Insured 2

24. Applicants Waiver of Premium Rider (Payer)
    ☐ ADD  ☐ ADS  ☐ PD  ☐ PDD

25. ☐ Accidental Death Benefit $ _____

26. ALIR Premium $ _____
    ALIR Dividend Option ☐ Same as Basic Policy ☐ Paid-up Additions

27. LISR Face Amount $ _____
    LISR Annual Premium $ _____
    LISR Lump Sum Payment $ _____

28. SIPR (SWLT) Face Amount $ _____
    SIPR Payment $ _____

29. Other Riders – indicate type (and amount if applicable)
    ☐ _____
    ☐ _____

30. Details _____

**C | Premium Payment Information**          Complete this section for all cases

1. Frequency*
   ☒ Monthly (PAC or Group only)
   ☐ Quarterly
   ☐ Semi-annual
   ☐ Annual
   ☐ Single Premium (UL or VUL only)

   *With respect to whole life and term products, if you pay your annual premium by installments there will be an additional charge. For further information about this charge, please speak to your agent or producer or call 1-800-272-2216.

2. Billing Type
   ☒ PAC
   ☐ Individual Direct Bill
   ☐ Group Bill (provide Inv./Fran. #): _____

3. Policy Date
   ☐ _____

4. Date policy to save age for:
   ☐ Insured 1  ☐ Insured 2

5. Has the initial premium been paid? ☒ Yes ☐ No
   (If Yes, complete Temporary Life Insurance Receipt)

6. Premium Payer
   ☒ Insured        ☐ Owner
   ☐ Other _____
                                    (name)

7. Send Premium Notices to
   ☒ Insured        ☐ Owner
   ☐ Other (provide name and address below)
   _____
   _____
   _____

A60CA803

2

**Exhibit A, Page 15**

**D  Primary Purpose of Insurance**                                 Complete this section for all cases

1. *Personal Needs:*
   ☐ Income for Dependents  ☐ Estate Taxes  ☒ Mortgage Cancellation
   ☒ Other  *Savings for Retirement*

   *Business Needs:*
   ☐ Key Employee  ☐ Stock Redemption  ☐ Cross Purchase
   ☐ Other

**Complete questions 2–4 if this is a business-related sale**

2. Business is a ☐ Corporation  ☐ LLC/LLP  ☐ Partnership  ☐ Sole Proprietorship  Year Established_____  # of employees_____
3. Value of the business  $_____
4. If a policy is to be owned by a business or business associate, give names of the other officers or partners and the amount of insurance the business now carries on their lives or has currently applied for (if any officers or partners are not insured, explain in Details #5)

| Name | Title | Face Amount | % Owned |
|------|-------|-------------|---------|
|      |       |             |         |
|      |       |             |         |
|      |       |             |         |

5. *Details (Please reference question # and Insured 1 or 2)*

---

**E  Owner Information**                                 Complete this section only if owner is other than proposed Insured(s)

1. Owner is ☐ Individual(s), or his/her estate  ☐ Trust  ☐ Incorporated Entity, its successors or assigns  ☐ Non-Incorporated Entity (specify type)
2. Owner Information

| Name | SS # or Tax ID # | Relationship to Insured | DOB/Date of Trust |
|------|------------------|-------------------------|-------------------|
|      |                  |                         |                   |
|      |                  |                         |                   |

3. Owner's address (#, Street, Apt. #, City, State, Zip) _____
4. If split dollar method  ☐ Endorsement (employer must be owner)  ☐ Collateral Assignment (complete split dollar assignment form F5309)

---

**F  Beneficiary Information**                                 Complete this section for all cases

1. Beneficiary is ☒ Individual(s)  ☐ Trust  ☐ Incorporated Entity, its successors or assigns  ☐ Non-Incorporated Entity (specify type)
2. Primary

| Name | Relationship to Insured | DOB/Date of Trust |
|------|-------------------------|-------------------|
| Tito Edwin Hermosillo | Nephew | ▬▬▬▬ |

3. Contingent

| Name | Relationship to Insured | DOB/Date of Trust |
|------|-------------------------|-------------------|
| Elizabeth Hernandez | Friend | ▬▬▬▬ |

4. UTMA/UGMA Custodian – During the minority of the named child(ren), _____ (name of adult to act as Custodian) shall be Custodian for said child(ren) under the _____ (state) Uniform Transfers/Gifts to Minors Act _____

**Complete Question 5 only for Other Insured Rider (Other)**

5. Beneficiary is ☐ Individual(s)  ☐ Trust  ☐ Incorporated Entity, its successors or assigns  ☐ Non-Incorporated Entity (specify type)

| Name | Relationship to Insured | DOB/Date of Trust |
|------|-------------------------|-------------------|
|      |                         |                   |
|      |                         |                   |

A60CA803                                                                                                    3

**G   Other Insurance/Replacement Information**    *Complete this section for all cases*

1. List below any life insurance or annuity currently applied for, contemplated, or now in force on the Insured(s) with other companies. If none, check here ☑. (Policies issued by this Company need to be listed only if they are to be replaced by this new policy.) If additional space is needed, use Details section (#6).

| Insured | Policy # | Company | Product | Issue Year | Face Amount | Replacement* Yes / No | 1035x Yes / No |
|---|---|---|---|---|---|---|---|
| ☐1 ☐2 | | | | | | ☐ ☐ | ☐ ☐ |
| ☐1 ☐2 | | | | | | ☐ ☐ | ☐ ☐ |
| ☐1 ☐2 | | | | | | ☐ ☐ | ☐ ☐ |

*Replacement is defined as any transaction in which new life insurance is to be purchased and in connection with the purchase, an existing life insurance policy or an existing annuity has been or is to be: Lapsed, forfeited, surrendered or otherwise terminated, converted to paid up insurance, continued as extended term insurance or otherwise reduced in value within 13 months.

|  | Insured 1 | Insured 2 |
|---|---|---|
| 2. Total face amount of new insurance to be placed in all companies | $ 250 K (Hench) | $ |
| 3. If there is a 1035x, anticipated value of exchange | $ | $ |

4. 1035x proceeds to be applied towards    ☐ Additional premium (UL or VL)    ☐ ALIR    ☐ LISR    ☐ SIPR    ☐ Initial Premium

5. **For Internal Term to Term Replacements Only:**
   I wish to terminate the term policylies)/rider(s) number(ed) _____ upon the issuance of the new term policy applied for in this application. (Owner of the existing term policy is required to sign this application as "owner of the original policy.")

6. **Details** *(Please reference question # and Insured 1 or 2)*


**H   Conversion/Insurability Option**    *Complete this section for Conversions or Insurability Options*

For Conversions, answer questions 1-4. For Insurability Options, answer questions 1, 2, 5, and 6.

1. Riders attached to the original policy will be carried over (if available) unless otherwise specified here.
   Do not include:   ☐ Waiver of Premium   ☐ GIO/IPR   ☐ ADB

|  | Insured 1 Yes / No | Insured 2 Yes / No |
|---|---|---|
| 2. Are you currently disabled or applying for any disability benefits? *(If "Yes" explain in Details #7)* | ☐ ☐ | ☐ ☐ |

3. **Conversion of Term Insurance**

| Insured | Policy or Rider Number | Full Conversion | If Not Full Conversion, Face Amount to be Converted | Balance to Be |
|---|---|---|---|---|
| ☐1 ☐2 | | ☐ Yes ☐ No | | ☐ Terminated ☐ Continued |
| ☐1 ☐2 | | ☐ Yes ☐ No | | ☐ Terminated ☐ Continued |

4. For partial conversions of UL products (if available), provide planned premium and frequency for balance continued $ _____

5. Exercise of Insurability Option from Policy # _____

6. Type of option:   ☐ Regular   ☐ Substitute (if substitute, indicate reason and event date) _____
   Reason _____    Date of Event _____

7. **Details** *(Please reference question # and Insured 1 or 2)*

A60CA803

**Exhibit A, Page 17**

## (I) Personal History Information

*Complete questions 1–4 for all cases*

*If your answer is "Yes" to any of the following questions, explain in Details #4.*

| | Insured 1 Yes No | Insured 2 Yes No |
|---|---|---|
| **1. Have you** | | |
| a. smoked cigarettes during the last 12 months? | ☐ ☒ | ☐ ☐ |
| b. used tobacco or products containing nicotine within the last 12 months? | ☐ ☒ | ☐ ☐ |
| c. used tobacco or products containing nicotine within the last 24 months? | ☐ ☒ | ☐ ☐ |
| **2.** Is the Life Insurance being applied for to benefit a viatical/life settlement company (Ex. Are there any plans to sell the policy to another company after it is issued, or will it replace a policy that has already been sold to another company)? | ☐ ☒ | ☐ ☐ |
| **3.** If the policy applied for will be used in connection with an employer-sponsored plan involving both males and females, will the policy be issued on a Unisex basis? | ☐ ☒ | ☐ ☐ |

**4. Details** *(Please reference question # and Insured 1 or 2)*

---

**Complete Questions 5–11 only when Evidence of Insurability is required**

*If your answer is "Yes" to any of the following questions, explain in Details #11.*

| | Insured 1 Yes No | Insured 2 Yes No |
|---|---|---|
| **5.** Does the insured anticipate any foreign travel? | ☐ ☒ | ☐ ☐ |
| **6.** Within the last 3 years, has the insured been, or does s/he expect to become a pilot, student pilot, or crew member of any type of aircraft? (If Yes, complete Aviation Supplement) | ☐ ☒ | ☐ ☐ |
| **7.** Within the last 3 years, has the insured taken part in, or does s/he expect to take part in, underwater diving, hang gliding, para sailing, para kiting, parachuting, skydiving, mountain climbing, bungee jumping, helicopter skiing, or organized racing by automobile, motorcycle, motorboat, snowmobile, or any other form of hazardous activity or extreme sports? (If Yes, complete Avocation Supplement) | ☐ ☒ | ☐ ☐ |
| **8.** Within the last 5 years, has the insured been in a motor vehicle accident, been convicted of a moving violation, or received a driver's license restriction or revocation? | ☐ ☒ | ☐ ☐ |
| **9.** Within the last 10 years, has the insured been convicted of operating a motor vehicle while under the influence of alcohol or other drugs? | ☐ ☒ | ☐ ☐ |
| **10.** Has the insured ever been convicted of a felony, or is s/he currently on parole or probation? | ☐ ☒ | ☐ ☐ |

**11. Details** *(Please reference question # and Insured 1 or 2)*

---

## (J) Juvenile

*Complete this section only if proposed insured is a juvenile*

**1.** Total life insurance currently applied for, considered, or now in force on the insured's father, mother, and siblings in all companies. *Include insured name, age, and amount – If none, explain in Details #2.*

Father _____

Mother _____

Sibling(s) _____

**2. Details**

**Exhibit A, Page 18**

**(K) Non-medical**

*Phone: (619) 497-6643*
Complete this section only if Insured is not being examined by MassMutual

▶ **Insured 1**

*If your weight changed by over 10 lbs. in the last year, indicate amount & reason below:*

1. Height: 6 ft 00 in. Weight: 210 lbs.

2. Name, Address, and Phone # (if known) of Personal Physician

   *Dr. Michael Mullin, M.D.*
   *(U C S D Out patient Services)*
   *@ 140 Arbor Drive #0851 San Diego CA 92103-0851*

3. Date last seen and reason: *Date: March 5, 2007   Reason: Regular Check-Up*

4. Family History Insured 1

| Relative | Health Problems – Include age at onset (especially for cardiovascular disease) | Age if Living | Age at Death | Cause of Death |
|---|---|---|---|---|
| Father | Good Health | 83 | – | – |
| Mother | Good Health | 55 | – | – |
| Brother(s)/Sister(s) | | | | |

▶ **Insured 2**

*If your weight changed by over 10 lbs. in the last year, indicate amount & reason below:*

5. Height: ____ ft ____ in. Weight: _____ lbs.

6. Name, Address, and Phone # (if known) of Personal Physician _____

7. Date last seen and reason: _____

8. Family History Insured 2

| Relative | Health Problems – Include age at onset (especially for cardiovascular disease) | Age if Living | Age at Death | Cause of Death |
|---|---|---|---|---|
| Father | | | | |
| Mother | | | | |
| Brother(s)/Sister(s) | | | | |

*If your answer is "Yes" to any of the following questions, circle applicable medical condition and explain in Details #16.*

| | Insured 1 | | Insured 2 | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| 9. In the last 10 years have you consulted a health professional regarding | | | | |
| a. chest pains, heart attack, high blood pressure, heart murmur, palpitations, or any other disorder of the heart, arteries, or veins? | ☐ | ☒ | ☐ | ☐ |
| b. a tumor or cancer including skin cancer, melanoma, or colon polyps? | ☐ | ☒ | ☐ | ☐ |
| c. a disorder of your blood or immune system including anemia, blood clots, bleeding, immune deficiency, leukemia, or lymphoma? (excluding HIV) | ☐ | ☒ | ☐ | ☐ |
| d. a disorder of your brain, spinal cord, or nervous system including seizures, tremors, paralysis, fainting, stroke, or TIA (transient ischemic attack)? | ☐ | ☒ | ☐ | ☐ |
| e. ████████ anxiety, psychosis, suicide thoughts or attempts, anorexia or bulimia, obsessive compulsive disorder, bipolar disorder, or other emotional disorder? | ☒ | ☐ | ☐ | ☐ |
| 10. In the last 10 years have you | | | | |
| a. used cocaine, barbiturates, narcotics, stimulants, hallucinogens, or other controlled substances not prescribed by a physician? | ☐ | ☒ | ☐ | ☐ |
| b. received treatment, attended a program or been counseled for alcohol or drug abuse, or been advised by a health professional to reduce the use of alcohol? | ☐ | ☒ | ☐ | ☐ |

A60CA803

6

**Exhibit A, Page 19**

*If your answer is "Yes" to any of the following questions, circle applicable medical condition and explain in Details #16.*

| | Insured 1 | | Insured 2 | |
|---|:---:|:---:|:---:|:---:|
| | Yes | No | Yes | No |
| **11. In the last 5 years have you consulted a health professional regarding** | | | | |
| a. a disorder of your eyes, ears, nose, or throat? ................................................... | ☐ | ☒ | ☐ | ☐ |
| b. asthma, shortness of breath, bronchitis, emphysema, COPD (chronic obstructive pulmonary disease), pneumonia, sleep apnea, or any other disorder of your respiratory system? ................... | ☐ | ☒ | ☐ | ☐ |
| c. a disorder of your digestive system, liver, pancreas, or gall bladder including hepatitis, jaundice, ulcers, intestinal bleeding, colitis, or Crohn's disease (ileitis)? ............................ | ☐ | ☒ | ☐ | ☐ |
| d. a disorder or impairment of your muscles, bones, joints, or nerves, including arthritis, gout, sciatica, or amputations? ................................................................... | ☐ | ☒ | ☐ | ☐ |
| e. chronic fatigue syndrome, lupus, or other rheumatologic disorder? ......................... | ☐ | ☒ | ☐ | ☐ |
| f. diabetes or a disorder of your thyroid, pituitary, or adrenal glands? ........................ | ☐ | ☒ | ☐ | ☐ |
| g. a disorder of your kidneys, bladder, prostate, or urinary tract, or findings of sugar, protein, or blood in the urine? | ☐ | ☒ | ☐ | ☐ |
| **12. In the last 3 years have you consulted a health professional regarding** | | | | |
| a. a disorder of your uterus, cervix, ovaries, or breasts? ...................................... | ☐ | ☒ | ☐ | ☐ |
| b. a disorder of your skin including eczema and psoriasis? ..................................... | ☒ | ☐ | ☒ | ☐ |
| c. a diagnosis of Acquired Immune Deficiency Syndrome (AIDS)? ............................. | ☐ | ☒ | ☐ | ☐ |
| **13. In the last 3 years have you** | | | | |
| a. had an application for life, disability, or health insurance denied, postponed, rated, or restricted? .............. | ☐ | ☒ | ☐ | ☐ |
| **14. In the last year, unless previously stated on this application, have you** | | | | |
| a. had a physical exam, checkup, or evaluation by a health professional? (If Yes, provide diagnosis or findings)... | ☐ | ☒ | ☐ | ☐ |
| b. had an injury treated by a health professional or medical facility? .......................... | ☐ | ☒ | ☐ | ☐ |
| c. had an electrocardiogram, x-ray, blood test, or other diagnostic test, excluding an HIV test? ............ | ☐ | ☒ | ☐ | ☐ |
| d. had surgery or been a patient in a hospital, clinic, or other medical or mental health facility? .......... | ☐ | ☒ | ☐ | ☐ |
| e. been advised to have surgery, medical treatment, or diagnostic testing, excluding HIV testing, that has not yet been completed? ..................................................................... | ☐ | ☒ | ☐ | ☐ |
| **15. Are you currently** | | | | |
| a. under treatment or taking any prescribed medication (other than contraceptives)? ................. | ☒ | ☐ | ☐ | ☐ |
| b. taking any herbal or non-prescription medication at least weekly? ........................... | ☐ | ☒ | ☐ | ☐ |
| c. pregnant? (If Yes, provide expected delivery date: _____ ). | ☐ | ☒ | ☐ | ☐ |

**16. Details of "Yes" Answers.** *(Please reference question # and Insured 1 or 2)*
*Give diagnosis and symptoms, tests performed, dates, types and amounts of medication, length of disability, degree of recovery, and names, addresses, and phone numbers of all health professionals.*

15a.  ▇▇▇▇▇▇▇ - 100 mg - Twice a day for ▇▇▇▇▇▇

(9e) Nov 2005- Went to see ⎰ Dr. Jose F. Bayardo
upto January 2007       ⎱ @ 1568 Sixth Ave
                          San Diego CA 92101
                          Phone (619) 235-2600

(9e) From January 2007   Dr. Michael Mullin. MD
to present               is doing follow up check up
                         after Dr. Jose. F. Bayardo

Result: Very Good Results ▇▇▇▇▇▇ very controlled
P.I. continues to see a doctor for regular checkups.

A60CA803

**Exhibit A, Page 20**

**(L) Agreements and Signatures**     **Complete this section for all cases**

**Liability of the Company** – This is part 1 of an application for life insurance. The application includes any part 2 that may be required and any amendments and supplements to either part. Provided there has been no change in the insurability of the proposed insured(s) since the date of this application, the insurance applied for will take effect on the later of date (A) or (B) as defined below: (A) The date the last of all of the following has occurred: (1) The Company issues a life insurance policy without amendment to the application or request for a statement verifying the current insurability of the insured(s); and (2) The first premium is paid while the insured(s) is(are) alive. (B) The policy date requested by the owner. If there has been a change in the insurability of the proposed insured(s) between the date of the application and the policy issue date, or the Company has issued the policy with an amendment or a request for a statement verifying the current insurability of the proposed insured(s), the insurance policy issued will take effect when the insured(s) (and owner, if different) signs and otherwise does not modify the policy delivery receipt and any required amendments to the application and/or statements of insurability accepting the policy as issued and certifying that all statements related to the insurability of the insured(s) made in the application and any supplements are true and complete as though made on the date the policy delivery receipt and any required amendments to the application and/or statements of insurability were signed.

**Changes and Corrections** – Any material change or correction of the Application will be shown on an Amendment of Application attached to the policy. Acceptance of any policy issued shall be acceptance of any change or correction of the application made by the Company. However, any correction or change in the amount, classification, plan of insurance, or riders applied for in this application must be agreed to in writing.

**Beneficiary** – Unless otherwise requested, surviving beneficiaries in any class shall take equally. If percentages or fractions are indicated and any beneficiary dies before the insured, payment shall be made to the surviving beneficiaries in that class. If no beneficiary is entitled to the payment at time of claim, the proceeds shall be made to the owner, if living, or to the owner's estate.

**Authority of Producers** – No producer can change the terms of this application or any policy issued by the insurer. No producer can waive any of the insurer's rights or requirements or extend the time for any payment.

**The Applicant Acknowledges** – For Variable Life Insurance that the variable value of the policy may increase or decrease in accordance with the experience of the separate account; that the death benefit may be variable or fixed based on specified conditions. For Variable or Universal Life Insurance, if a single premium is elected as mode of payment, additional premiums may be required to keep the policy in force.

**Authorization to Obtain and Disclose Information (for the insured(s) and/or Applicant)** – As a proposed insured, I, by my signature below, acknowledge that I have received the notice about the Medical Information Bureau, Inc. (MIB). I have also received the notice about the Fair Credit Reporting Act. I understand and authorize an investigative report to be made. This report may include information about my character, general reputation, personal characteristics, and mode of living. I hereby authorize certain parties that have records or knowledge of me and my health (or my children and their health if juvenile insurance), to make such information available to the Company, its reinsurers, and MML Insurance Agency, Inc., and its Companies. These parties include: any licensed physician, medical practitioner, hospital, clinic, other medical or medically related facility, the MIB, the Department of Motor Vehicles or other organizations. I agree that a photocopy or facsimile of this authorization may be used to obtain information. This information will be used for determining eligibility for insurance. This release shall be valid for 30 months from its date. I understand that I may receive a copy of this authorization upon request.

**Taxpayer Identification** – By my signature below, I, the Owner of the Policy applied for herein, certify, under penalties of perjury, that (1) the number referred to in A5, A18, or E2 of this application is my correct Taxpayer Identification Number (or I am waiting for a number to be issued to me), and (2) I am not subject to backup withholding either because (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and (3) I am a U.S. person (including a U.S. resident alien). [If the IRS has notified the Owner that s/he is subject to backup withholding and s/he has not received notice for the IRS that backup withholding has terminated, s/he should strike out item 2 above.]

**ANY POLICY ISSUED AS A RESULT OF MATERIAL MISSTATEMENT OR OMISSION OF FACTS MAY BE VOIDED, AND THE COMPANY'S ONLY OBLIGATION SHALL BE TO RETURN THE PREMIUMS PAID.**

To the best of my knowledge and belief, all statements made in this Part 1 are complete and true and were correctly recorded. I hereby adopt all statements made in the application and agree to be bound by them.

For all cases:
Signed on _Marli 7, 2007_
        (Date)

X _(signature)_                               X
Signature of Proposed Insured 1     _(if under age 15, parent)_     Signature of Proposed Insured 2             _(if applicable)_

X                                   _San Diego CA_
Signature of Owner/Applicant _(of new policy)_   _Include Title (if applicable)_     City and State where Owner/Applicant signed
_(Only if other than Proposed Insured)_

X
Signature of Witness     _(Required only if all signatures not witnessed by Producer)_

X _David Effelles_               _P 99_
Signature of Soliciting Producer         Agency #

**For Conversions, Insurability Options, or Term to Term Replacements:**
X                                  X
Signature of Owner of Original Policy    _Include Title (if applicable)_     Signature of Assignee of Original Policy    _Include Title (if applicable)_
_(Only if other than Proposed Insured)_

A60CA803         *Thank you for choosing MassMutual for your Life Insurance needs. We value your business.*       8

**Exhibit A, Page 21**

## Producer's Statement
*Must be completed by the Soliciting Producer for all cases*

▶ **Section A** -If you answer "Yes" to any of the following questions please provide details in Section B or complete supplemental forms specified

1. Risk classification presented to client *Select Preferred*

   If approved other than as presented to client, do you want to be contacted prior to policy issue? ☒ Yes ☐ No

2. Is this part of a multi-policy case *(i.e. family members, business partners, etc.)*? ☐ Yes ☒ No

3. Is there a Disability or Long Term Care Application being submitted concurrently with this Application? ☐ Yes ☒ No

4. Will dividends from an existing MassMutual policy be used to pay all or part of the initial premium on this policy? ☐ Yes ☒ No

   (If Yes, please complete Service Request form F5341)

5. Does the Owner/Insured intend to replace, surrender, borrow against, sell or use any portion of any existing life insurance policy or annuity to finance any portion of the policy being applied for? ☐ Yes ☒ No

   (If Yes, have all required Forms and Notices been signed and submitted with this Application?) ☐ Yes ☐ No

6. Is the Life Insurance being applied for in conjunction with the purchase of a Single Premium Immediate Annuity? ☐ Yes ☒ No

7. Are you aware of whether the Owner or Insured has arranged, or discussed arranging, any financing for the purchase of this policy? ☐ Yes ☒ No

   (If Yes, please complete Premium Financing Supplement F7002.)

8. Do you have any knowledge or reason to believe the Insured has any present or future intention to sell or assign this policy, or has ever sold or assigned any policy to a life settlement, viatical or other secondary market provider? ☐ Yes ☒ No

9. *(For Variable Products Only)* Did you deliver a current copy of the Prospectus and any applicable supplements? ☐ Yes ☒ No

   Prospectus Effective Date _____
   (from front cover of prospectus)          mm/dd/yyyy

▶ **Section B** - Details of "Yes" Answers . (Please reference question #)

▶ **Producer Compensation Information**
Please complete the Producer line on all applications, and provide any additional Compensation arrangements when needed.

|   |  | Printed Name | Agency or Entity # | Producer ID #, Social Security # or Tax ID # | % of 1st Year Commission | % of Renewal Commission |
|---|---|---|---|---|---|---|
| 1 | Servicing Producer | Desireé E Hallas | 099 | ███████ | 100 | 100 |
| 2 | Producer |  |  |  |  |  |
| 3 | Producer |  |  |  |  |  |
| 4 | Producer |  |  |  |  |  |
| 5 | Producer |  |  |  |  |  |
| 6 | Producer |  |  |  |  |  |

| Agency Split – If the sale of this policy will be credited to more than one agency/entity, list % for each. | Agency # | % of Split | Total 100% | Total 100% |
|---|---|---|---|---|
|  |  |  |  |  |

I certify to the best of my knowledge, information and belief that: (a) The statements made in this Producer Statement are true and accurate. (b) Each question in the Application was asked of the proposed insured(s) and owner(s) and accurately recorded. (c) I am unaware of any suspicious or unusual activities, including but not limited to anti-money laundering (AML) "red flags" as described in my AML training or other materials, arising out of or in connection with, the sale of this policy. I have reported suspicious activity, if any, to the appropriate individuals in accordance with MassMutual's AML program. (d) The policy applied for is consistent with the financial needs of the insured(s) and/or owner(s). (e) I am unaware of any information that would adversely affect any of the proposed insured's eligibility, acceptability or insurability.

Signature of Soliciting Producer: **X** *Desireé E Hallas*

If the underwriter/case manager needs information or has questions about this case, please contact: _____
Phone number: (_____) _____-_____    Email address: _____

A1AGE   REV. 406

**Exhibit A, Page 22**

 **MassMutual**
FINANCIAL GROUP

**Temporary Life Insurance Receipt**

To the Company as defined below:
☐ **Massachusetts Mutual Life Insurance Company**
   1295 State Street, Springfield, Massachusetts 01111-0001
☐ **C.M. Life Insurance Company**
   100 Bright Meadow Boulevard, Enfield, Connecticut 06082
www.massmutual.com

**Person(s) Proposed for Life Insurance**

_Julian Hermosillo_

(Print Name of Proposed Insured 1)        (Print Name of Proposed Insured 2)

Subject to the terms and conditions of this Temporary Life Insurance Receipt (TLIR), an individual applying for insurance may be eligible for limited temporary life insurance coverage for a limited period of time if the answer to each of the following health questions is "No." If any question is answered "Yes" or left blank, there is no life insurance coverage in force under the TLIR and no payment may be collected. If this is an application for insurance on two individuals, and one individual answers "Yes" to any of the Health Questions below, there will be no insurance in force for either individual, and no payment may be collected.

This TLIR does not guarantee insurability or that a life insurance policy will be issued and does not provide disability or waiver of premium benefits. This agreement is not applicable, and no temporary insurance is available, under this receipt if it is issued in association with an Application for a conversion or guaranteed insurability option. No agent or individual is authorized to waive or alter the terms of this receipt.

| Health Questions | Proposed Insured 1 Yes | Proposed Insured 1 No | Proposed Insured 2 Yes | Proposed Insured 2 No |
|---|:---:|:---:|:---:|:---:|
| 1. In the past five years, has the proposed insured: | | | | |
|   a. Consulted a health professional regarding stroke, cancer, tumor, chest pain or heart attack, or any disease, disorder or problem of the kidneys, heart or arteries?............................ | ☐ | ☒ | ☐ | ☐ |
|   b. Received treatment, attended a program or been counseled for alcohol or drug abuse or been advised by a health professional to receive such treatment?............................ | ☐ | ☒ | ☐ | ☐ |
|   c. Been declined, postponed, rated or restricted on an application for life insurance?......... | ☐ | ☒ | ☐ | ☐ |
| 2. In the past 90 days, has the proposed insured: | | | | |
|   a. Been admitted to a hospital or medical facility, other than for a normal pregnancy, or has a health professional recommended admission to a hospital or medical facility?............ | ☐ | ☒ | ☐ | ☐ |
|   b. Had surgery or been advised by a health professional to have surgery?.................... | ☐ | ☒ | ☐ | ☐ |
|   c. Had any diagnostic test [excluding tests for the Human Immunodeficiency Virus (HIV)] for which the results are unknown, or been advised by a health professional to have any diagnostic test (excluding tests for HIV) which has not yet been completed?.................. | ☐ | ☒ | ☐ | ☐ |

**Agreement and Signatures**

Check No. _163_ in the amount of $ _160.73_ was received as payment on _3/7/07_
                                                                        (Date)

The individuals signing below agree that they have received and read (or had read to them) the receipt for the amount indicated above. They understand and agree to its terms and conditions as stated on Page 2 and 3 of this receipt. To the best of their knowledge and belief, the answers to all Health Questions stated above are complete and true and were correctly recorded before they signed their names below.

_[signature]_     _San Diego CA_     _3/7/07_
(Premium Payer Signature)        (Signed at: City, State)        (Date)

(Proposed Insured 1 Signature, _if different_)        (Signed at: City, State)        (Date)

(Proposed Insured 2 Signature, _if different_)        (Signed at: City, State)        (Date)

_Jennifer E Hallas_     _San Diego CA_     _3/7/07_
(Agent)        (Signed at: City, State)        (Date)

R10GE803                  *Company Part*                 1

**Exhibit B, Page 23**

**MassMutual**
FINANCIAL GROUP™

To the Company as defined below:
☐ **Massachusetts Mutual Life Insurance Company**
1295 State Street, Springfield, Massachusetts 01111-0001
☐ **C.M. Life Insurance Company**
100 Bright Meadow Boulevard, Enfield, Connecticut 06082

# Temporary Life Insurance Receipt

An amount of $ _____ was received as payment for limited temporary life insurance on the life/lives of:

_____ | _____
(Print Name of Proposed Insured 1) | (Print Name of Proposed Insured 2)

Received by: **X** _____ on _____
(Producer Signature) | (Date)

## Terms and Conditions

**Summary.** This Temporary Life Insurance Receipt (TLIR) provides a limited amount of temporary life insurance for a limited period of time on the individual(s) proposed for insurance, subject to the terms and conditions of this receipt. It does not guarantee insurability or that a life insurance policy will be issued and does not provide disability or waiver of premium benefits. This agreement is not applicable and no temporary insurance is available under this receipt if it is issued in association with an Application for a conversion or guaranteed insurability option. No agent or individual is authorized to waive or alter the terms of this receipt. As used herein, "the Company" refers to the insurance company checked above, to which the proposed insured(s) is/are applying for a life insurance policy, and "Application" refers to the Application for a life insurance policy associated with this TLIR.

**Eligibility.** Proposed Insured(s) are eligible for this coverage if they are older than 15-days-old and younger than 75-years-old as of the date of this receipt, and if the answer to all Health Questions is "No". If any question is answered "Yes" or left blank, there is no life insurance in force under the TLIR, and no payment may be collected. If this TLIR is issued in conjunction with an Application for insurance on two individuals, and one individual answers "Yes" to any of the Health Questions, there is no insurance in force for either individual, and no payment may be collected.

**Start Date for Coverage.** Insurance under this TLIR begins on the date of this receipt if, and only if, the minimum payment has been collected and the Part 1 of the application has been completed and signed on the same date or prior to the date of this receipt. **However, there is no life insurance coverage in force under this receipt if the instrument submitted as payment is not honored or there are insufficient funds to pay the required premium.** Payments by wire transfer or payroll deduction are deemed collected when the required amount is received by the Company.

**Stop Date for Coverage.** Insurance under this TLIR will end on the earliest of:

(1) 90 days following the start date;

(2) 30 days following the start date if the Company has not received Part 2 of the Application and all initial underwriting requirements (internally published age & amount requirements);

(3) The date the Company refunds the payment made or mails a notice indicating the temporary insurance is terminated (the Company may terminate this temporary insurance at any time);

(4) The date the Application is withdrawn or the premium payer requests a refund of the payment made;

(5) The date the owner or applicant refuses to accept the life insurance policy issued; or

(6) The effective date of the new life insurance policy as described in the Part 1 Application.

**Benefits.** Upon receipt of due proof that the insured(s) died while this TLIR was in force, the Company will pay the benefit due under this TLIR to the beneficiary or beneficiaries named in the Application.

If more than one beneficiary is named under this TLIR and/or there are other TLIR's in force on the same insured(s), each beneficiary will receive a share of the TLIR benefit equal to his or her proportionate interest in the death benefit(s) that would have been payable had the policy or policies applied for been in force.

The maximum benefit payable under all TLIR's, including this TLIR, is the lesser of (1) $1,000,000 or (2) the total amount of life insurance currently applied for, including the death benefit applied for under any riders, and excluding any disability coverage. The Company will only pay the maximum benefit regardless of the number of TLIR's issued for one insured. The Company will pay only one benefit under a single TLIR regardless of the number of insureds named and deaths that occur. If two insureds are named on a single TLIR, a benefit is payable only upon the second death occurring during TLIR coverage.

At no time will individual(s) be eligible to receive benefits under both a TLIR and the life insurance policy issued in association with that TLIR.

**Payment and Return of Payment.** Make all checks or other payments payable to MassMutual. Do not make any checks or other payments payable to the producer or leave the payee blank. The minimum payment required to pay for insurance coverage under the TLIR is the amount equal to a one-month premium under the policy applied for, regardless of the face amount applied for and the mode or frequency of payment selected for the proposed policy.

Any premium amount greater than or equal to the minimum payment required may be collected to bind this TLIR. If a death benefit is due under the TLIR, the initial payment received will be retained by the Company, in exchange for the insurance provided, however, if the payment received was greater than the minimum required, the Company will return the excess amount to the owner. If no death occurs while this temporary insurance is in force and a policy is issued, the payment received will be applied towards the first policy premium. If no death occurs and no policy is issued, or the temporary insurance is terminated, the payment received will be returned to the owner.

**Contestability and Suicide.** The Company may contest the validity of the insurance pursuant to this receipt, and deny any benefit due, for any material misrepresentation of fact made on this receipt or the Application, which includes the Part 1, the Part 2 and any amendments and supplements to either part. If a Proposed Insured commits suicide while the temporary insurance is in effect, no death benefit will be paid; the Company's only liability will be to return the initial payment received to the Owner named in the Application.

R10CA1106 | *Owner's Receipt – Retain this page for your records.* | 2

**Exhibit B, Page 24**

**APPLICATION (PART 2)**

*32 032 887*

**APPLICATION NO.**

To: ☐ Massachusetts Mutual Life Insurance Co.   ☐ MML Bay State Life Insurance Co.   ☐ C.M. Life Insurance Co.
Springfield, Massachusetts 01111-0001                              100 Bright Meadow Blvd., Enfield, CT 06082

| *Personal Information* | *General Health* |
|---|---|

*Personal Information*

In all cases, the terms "you" and "your" refer to the Proposed Insured.

1. a. Full name of Proposed Insured
**First Name**
J U L I A N

**Middle Name**

**Last Name**
H E R M O S I L L O

**Suffix**
(e.g. Jr., III)

b. Date of Birth ▮▮▮

c. Client ID (If known) ▮▮▮

d. Social Security No. ▮▮▮

**Do not complete 2 if being medically examined.**

2. a. Height in shoes _____ ft. _____ in.
   b. Weight (clothed) _____ lbs.
   c. Loss in weight in the past year?   ☐ Yes   ☑ No
   If "Yes," Amount _____ lbs. Reason _____

| 3. Family History | Age if Living | Age at Death | Cause of Death |
|---|---|---|---|
| a. Father | 83 | | |
| b. Mother | 55 | | |

*General Health*

If "Yes" to any question, please explain in 11 below.   Yes   No

4. Have any of your parents, brothers or sisters:
   a. had cardiovascular disease prior to age 60? ......   ☐   ☑
   b. ever h▮▮▮▮dney disease, or other familial disorder? ......   ☑   ☐

5. a. Have you smoked cigarettes in the past 12 months? ......   ☐   ☑
   b. If "No," have you used tobacco or nicotine in any other form during the past 12 months? ......   ☐   ☑
   c. Have you used tobacco or nicotine in any form during the past 3 years? ......   ☐   ☑

6. Have you ever received any treatment in relation to alcoholism or use of alcohol? ......   ☐   ☑

7. Have you ever used barbiturates, narcotics, cocaine or other controlled substances not prescribed by a physician? ......   ☐   ☑

8. Have you applied for life or health insurance and been declined, postponed, rated or restricted in the last ten years? ......   ☐   ☑

9. Have you ever requested or received a pension, benefits, or payment because of an injury, sickness or disability? ......   ☐   ☑

10. Have you been treated for, or been diagnosed by a member of the medical profession as having, acquired immune deficiency syndrome (AIDS)? ......   ☐   ☑

11.  **COMPLETE 11 FOR EACH "YES" ANSWER IN 4 - 10 ABOVE**

| Question Number | Explanatory Details and Remarks |
|---|---|
| 4b | Clients mom has ▮▮▮ Controled by Diet Only |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

A50CA197

APPLICATION NO.

Page 2

*Medical History*

### Complete 29 Below For Each Medical History Checked in 12 - 27
**For Questions 12 - 27, have you ever been advised of, treated for, or had any known indication of:**

**12. ASTHMA OR BRONCHITIS**
☑ Not Applicable
Type:
a - ☐ Asthma
b - ☐ Bronchitis
c - ☐ Chronic Bronchitis
d - ☐ Other _____ (specify)

Yes No
☐ ☐ Wheezing between acute attacks?
☐ ☐ Are the symptoms continuing?

**14. ULCER**
☑ Not Applicable
Type:
a - ☐ Duodenal
b - ☐ Gastric (stomach)
c - ☐ Other _____ (specify)

Yes No
☐ ☐ Have you had a bleeding ulcer?
☐ ☐ Do you now have symptoms?
☐ ☐ Was surgery required?

**16. CYSTS**
☑ Not Applicable
a - Type: _____ (specify)
○ Check here if removed
Pathology:
☐ Benign (non cancerous)
☐ Malignant (cancerous)

**13. ARTHRITIS**
☑ Not Applicable
Type:
a - ☐ Degenerative / Osteoarthritis
b - ☐ Rheumatoid
c - ☐ Gouty
d - ☐ Other _____ (specify)
Bones or joints involved _____

**15. COLITIS OR ILEITIS**
☑ Not Applicable
Type:
a - ☐ Spastic or Mucous Colitis
b - ☐ Ulcerative Colitis
c - ☐ Crohn's Disease (Ileitis)
d - ☐ Other _____ (specify)
Yes No
☐ ☐ Was there associated bleeding?
☐ ☐ Do you now have symptoms?

b - Type: _____ (specify)
○ Check here if removed
Pathology:
☐ Benign (non cancerous)
☐ Malignant (cancerous)

| 17. Disorder of: | | | | |
|---|---|---|---|---|
| a- ☐ Eyes | b- ☐ Ears | c- ☐ Nose | d- ☐ Throat | e- ☑ None of These |
| 18. a- ☐ Spine | c- ☐ Back | e- ☐ Muscles | g- ☐ Joints | |
| b- ☐ Bones | d- ☐ Neck | f- ☐ Nerves (incl. Neuritis) | | h- ☑ None of These |
| 19. a- ☐ Fainting | c- ☐ Convulsions | e- ☐ Recurrent Headache | g- ☐ Nervous Disorder | |
| b- ☐ Dizziness | d- ☐ Paralysis | f- ☐ Stroke | h- ☐ Mental Disorder | i- ☑ None of These |
| 20. a- ☐ Pneumonia | d- ☐ Pleurisy | g- ☐ Persistent Hoarseness | | |
| b- ☐ Emphysema | e- ☐ Shortness of Breath | h- ☐ Chronic Respiratory | | i- ☑ None of These |
| c- ☐ Tuberculosis | f- ☐ Persistent Cough | Disorder | | |
| 21. a- ☐ High Blood Pressure | c- ☐ Heart Murmur | e- ☐ Heart Attack | g- ☐ Blood Vessel Disorder | |
| b- ☐ Rheumatic Fever | d- ☐ Palpitation | f- ☐ Chest Pain | h- ☐ Heart Disorder | i- ☑ None of These |
| 22. a- ☐ Hemorrhoids | d- ☐ Anorexia Nervosa | g- ☐ Recurrent Indigestion | j- ☐ Intestinal Disorder | |
| b- ☐ Hepatitis | e- ☐ Bulimia | h- ☐ Stomach Disorder | k- ☐ Gallbladder Disorder | |
| c- ☐ Diverticulitis | f- ☐ Liver Disorder | i- ☐ Recurrent Diarrhea | l- ☐ Intestinal Bleeding | m- ☑ None of These |
| 23. a- ☐ Kidney Stone | d- ☐ Sugar in Urine | g- ☐ Kidney Disorder | i- ☐ Pus in Urine | |
| b- ☐ Albumin in Urine | e- ☐ Prostate Disorder | h- ☐ Reproductive System | j- ☐ Sexually Transmitted | |
| c- ☐ Blood in Urine | f- ☐ Bladder Disorder | Disorder | Disease | k- ☑ None of These |
| 24. a- ☐ Diabetes | b- ☐ Thyroid Disorder | c- ☐ Endocrine (glandular) Disorder | | d- ☑ None of These |
| 25. a- ☐ Allergies | c- ☐ Leukemia | | e- ☐ Congenital Disorder | |
| b- ☐ Anemia | d- ☐ Blood Disorder (excluding HIV) | | f- ☐ Recurrent Infections | g- ☑ None of These |
| 26. a- ☐ Sciatica | c- ☐ Lameness | e- ☐ Amputation | | |
| b- ☐ Gout | d- ☐ Deformity | f- ☐ Speech Defect | | g- ☑ None of These |
| 27. a- ☐ Skin Cancer | c- ☐ Cancer | e- ☐ Tumor | | |
| b- ☐ Fibroids | d- ☐ Skin Disorder | f- ☐ Lymph Gland Disorder | | g- ☑ None of These |

*Other Medical Information and Details*

**28. Other than previously stated in this application, within the last five years have you:**

| | Yes | No |
|---|---|---|
| a. Had any mental or physical disorder? | ☐ | ☑ |
| b. Had a consultation, surgery, or injury requiring treatment by a physician, hospital or other medical facility? | ☐ | ☑ |
| c. Had any electrocardiogram, x-ray or other diagnostic test (excluding HIV test)? | ☐ | ☑ |
| d. Been advised to have medical treatment, diagnostic tests (excluding HIV test), hospitalization or surgery which was not completed; or are you now planning to seek such advice or treatment? | ☐ | ☑ |
| e. Been, or are you currently, under treatment or taking any medication? | ☑ | ☐ |

For each item checked "Yes," enter details in 29.   Meds, ~~100mg. Ding E~~
2005, Situational. Dr Michael Mullin
(619) 497-6643    140 Arbor Drive #0851
497-6687    San Diego CA 92103-0851

A50CA197

Last Visit 3-5-07

**Exhibit C, Page 26**

APPLICATION NO.                                                                                      Page 3

## COMPLETE 29 FOR EACH APPROPRIATE ITEM CHECKED IN 12 - 28 ABOVE

**29. Explanatory Details and Remarks for Medical History (Use form A51 for additional histories).**

| A.Ques. No. | Diagnosis | Medication/ Treatment | Still Under Treatment | #of Attacks/ Occurrences | Dates (mo/yr) Onset  Recovery |
|---|---|---|---|---|---|
| | | | ☐ Yes ☐ No | | |
| | Physician / Medical Facility Name | | Address | | ZIP |
| | | | | | |

| B.Ques. No. | Diagnosis | Medication/ Treatment | Still Under Treatment | #of Attacks/ Occurrences | Dates (mo/yr) Onset  Recovery |
|---|---|---|---|---|---|
| | | | ☐ Yes ☐ No | | |
| | Physician / Medical Facility Name | | Address | | ZIP |
| | | | | | |

| C.Ques. No. | Diagnosis | Medication/ Treatment | Still Under Treatment | #of Attacks/ Occurrences | Dates (mo/yr) Onset  Recovery |
|---|---|---|---|---|---|
| | | | ☐ Yes ☐ No | | |
| | Physician / Medical Facility Name | | Address | | ZIP |
| | | | | | |

| D.Ques. No. | Diagnosis | Medication/ Treatment | Still Under Treatment | #of Attacks/ Occurrences | Dates (mo/yr) Onset  Recovery |
|---|---|---|---|---|---|
| | | | ☐ Yes ☐ No | | |
| | Physician / Medical Facility Name | | Address | | ZIP |
| | | | | | |

**30. Personal Physician Information**

a. ☐ Name / Address given in: ☐ 29A ☐ 29B ☐ 29C ☐ 29D
☐ Have no personal physician
☐ Other - give Personal Physician Name / Address here:

b. Reason you last consulted this physician
☐ As indicated in: ☐ 29A ☐ 29B ☐ 29C ☐ 29D
☐ Routine or General Exam - all findings normal
☐ Other - give details here:

Physician Name  _Dr Michael Mullen_
Address  _140 Arbor Drive # D851_
City  _San Diego_  State  _CA_  ZIP  _92103_

Date Last Seen  _4 Days ago_
Diagnosis or Reason Last Seen  _For Check Up_
Medication/ Treatment  _____

**Agreement and Signatures**

I agree that: (1) this application consists of Parts 1 and 2 and any amendments and supplements which shall be attached to the policy if issued and (2) no knowledge on the part of any agent, medical examiner or any other person as to any facts pertaining to me shall be considered as having been made to or brought to the knowledge of the Company unless stated in either Part 1 or part 2 of this application or any amendments or supplements. To the best of my knowledge and belief, all information is complete and true and was correctly recorded before I signed my name below.

Signed at  _San Diego_  ,  _CA_  on  _March 8_  _2007_
City                              state              date

Witness  _____        Proposed Insured  _____
Medical Examiner or Agent if Non-Medical

A50CA197

Amount Applied For $  _250K_   Agency Name  _Pollakov_   Agency No.  _099_   Printed Name of Agent  _Desiree Hallas_

**Exhibit C, Page 27**

APPLICATION NO.

## MEDICAL EXAMINER'S REPORT
### EXAMINATION TO BE MADE IN PRIVATE AND THIS BLANK TO BE COMPLETED BY THE MEDICAL EXAMINER IN HIS OR HER HANDWRITING

| | |
|---|---|
| 1. A. Height in shoes __5__ ft. __11½__ in.<br>B. Weight (clothed) __172__ lbs.<br>C. Loss in weight the past year ☐ Yes ☑ No<br>If "Yes", Amount ____ lbs. Reason ____ | 10. Details of "yes" answers and supplementary remarks. Identify them by question number.<br>Ques. No.        Comments |

**2. BLOOD PRESSURE** (sitting):
If first reading over 140/90 or under 110/70, make two additional readings.

| | | |
|---|---|---|
| Systolic | 118 | 118 |
| Diastolic (fifth phase) | 81 | 81 |

**3. PULSE:**

| | At Rest | After Exercise | 3 Minutes Later |
|---|---|---|---|
| Rate | 66 | | |
| Irregularities per min. | | | |

**4. HEART:** Is there any

| | |
|---|---|
| Enlargement ☐ Yes ☐ No | Dyspnea ☐ Yes ☐ No |
| Murmur(s) ☐ Yes ☐ No | Edema ☐ Yes ☐ No |

(Describe below - if more than one, describe separately)

Location:    ☐ Murmur  ☐ Murmur   Indicate:

Frequency:
- Constant ☐ ☐    Apex by    X.
- Incontant ☐ ☐

Transmission:
- Transmitted ☐ ☐
- Localized ☐ ☐    Murmur area by    O.

Timing:
- Systolic ☐ ☐    Point of greatest intensity by    M.
- Diastolic ☐ ☐
- Presystolic ☐ ☐    Transmission by    -->

Grade:
- Soft (Gr. 1 - 2) ☐ ☐    Based on the history and examination, what is your impression?
- Mod. (Gr. 3 - 4) ☐ ☐
- Loud (Gr. 5 - 6) ☐ ☐

After exercise characteristics:
- Increased ☐ ☐
- Absent ☐ ☐
- Unchanged ☐ ☐
- Decreased ☐ ☐

**5. Is there on examination any abnormality of the following:**
(Circle applicable items and give details)

| | Yes | No |
|---|---|---|
| A. Head: eyes; ears; nose; mouth; pharynx? | ☐ | ☐ |
| B. Skin (incl. scars); lymph nodes; varicose veins or peripheral arteries? | ☐ | ☐ |
| C. Nervous system (include reflexes, gait, paralysis)? | ☐ | ☐ |
| D. Lungs? | ☐ | ☐ |
| E. Abdomen (include scars)? | ☐ | ☐ |
| F. Genitourinary system? | ☐ | ☐ |
| G. Endocrine system (include thyroid and breasts)? | ☐ | ☐ |
| H. Musculoskeletal system (include spine, joints, amputations, deformities)? | ☐ | ☐ |
| 6. A. Are there any hernias? | ☐ | ☐ |
| B. Any hemorrhoids (by history or observation)? | ☐ | ☐ |
| 7. Are you aware of or do you suspect any other medical, alcoholic or drug history? | ☑ | ☐ |

(A confidential report may be sent to the Medical Director.)
A urinalysis must be performed unless a specimen is being sent.

**8. URINALYSIS:** Albumin ____ Sugar ____
If albumin or sugar is found, or the blood pressure is over 140/90, or if there is a history of genitourinary disease, diabetes or hypertension, a specimen should be mailed to the designated lab facility.
Is a specimen being sent to the designated lab facility?    ☑ ☐

**9. Have you drawn blood or completed an EKG or X-ray on the Proposed Insured?**
☐ Drawn Blood    ☐ EKG    ☐ X-ray

| | |
|---|---|
| Place lab ID slip<br>bar code here | EMSI<br>3838 Camino Del Rio N<br>Suite 250<br>San Diego, CA 92108 |

Do you know the Proposed Insured?  ☐ Yes ☑ No    Are you related?  ☐ Yes ☑ No

I have reviewed the history and examined the Proposed Insured in private and witnessed his/her

signature at    ☐ My office    ☐ Proposed Insured's place of business
    ☑ Proposed Insured's residence    ☐

on this __8__ day of __March__, __2007__ at __12:00__ o'clock __P__.M.

Printed Name or Paramedical Facility (if used)

_____ M.D.
Signature of Medical Examiner

Deborah _____ M.D.
Printed Name of Medical Examiner

A59GE197

Confidential information should be forwarded on separate copy to: Medical Director,
Massachusetts Mutual Life Insurance Company, Springfield, Massachusetts 01111

**Exhibit C, Page 28**

APPLICATION NO.

### COMPLETE 29 FOR EACH APPROPRIATE ITEM CHECKED IN 12 - 28 ABOVE

29. Explanatory Details and Remarks for Medical History (Use form A51 for additional histories).

| A.Ques. No. | Diagnosis | Medication/ Treatment | Still Under Treatment | #of Attacks/ Occurrences | Dates (mo/yr) Onset | Recovery |
|---|---|---|---|---|---|---|
| | | | ☐ Yes ☐ No | | | |
| | Physician / Medical Facility Name | | Address | | | ZIP |
| | | | | | | |

| B.Ques. No. | Diagnosis | Medication/ Treatment | Still Under Treatment | #of Attacks/ Occurrences | Dates (mo/yr) Onset | Recovery |
|---|---|---|---|---|---|---|
| | | | ☐ Yes ☐ No | | | |
| | Physician / Medical Facility Name | | Address | | | ZIP |
| | | | | | | |

| C.Ques. No. | Diagnosis | Medication/ Treatment | Still Under Treatment | #of Attacks/ Occurrences | Dates (mo/yr) Onset | Recovery |
|---|---|---|---|---|---|---|
| | | | ☐ Yes ☐ No | | | |
| | Physician / Medical Facility Name | | Address | | | ZIP |
| | | | | | | |

| D.Ques. No. | Diagnosis | Medication/ Treatment | Still Under Treatment | #of Attacks/ Occurrences | Dates (mo/yr) Onset | Recovery |
|---|---|---|---|---|---|---|
| | | | ☐ Yes ☐ No | | | |
| | Physician / Medical Facility Name | | Address | | | ZIP |
| | | | | | | |

30. Personal Physician Information

a. ☐ Name / Address given in: ☐ 29A ☐ 29B ☐ 29C ☐ 29D
☐ Have no personal physician
☐ Other - give Personal Physician Name / Address here:

b. Reason you last consulted this physician
☐ As indicated in: ☐ 29A ☐ 29B ☐ 29C ☐ 29D
☐ Routine or General Exam - all findings normal
☐ Other - give details here:

Physician Name
Dr. Michael Mullen
Address
190 Arbor Drive #0851
City San Diego    State CA    ZIP 92103

Date Last Seen 4 Days ago
Diagnosis or Reason Last Seen For Check Up
Medication/ Treatment

### Agreement and Signatures

I agree that: (1) this application consists of Parts 1 and 2 and any amendments and supplements which shall be attached to the policy if issued and (2) no knowledge on the part of any agent, medical examiner or any other person as to any facts pertaining to me shall be considered as having been made to or brought to the knowledge of the Company unless stated in either Part 1 or part 2 of this application or any amendments or supplements. To the best of my knowledge and belief, all information is complete and true and was correctly recorded before I signed my name below.

Signed at San Diego, city    CA state    on March 8, date    2007

Witness _____ Medical Examiner / or Agent if Non-Medical    Proposed Insured _____

A50CA197

Amount Applied For $ 250k    Agency Name Pollakov    Agency No. 099    Printed Name of Agent Desiree Hallas

## SUPPLEMENT TO APPLICATION

TO:  ☒ Massachusetts Mutual Life Insurance Co.  ☐ MML Bay State Life Ins. Co.  ☐ C.M. Life Insurance Co.
1295 State Street, Springfield, Massachusetts 01111-0001

"Company" refers to the life insurance company indicated above.

| Proposed Insured(s): | Policy No. | Appl. Pt. 1 Dated | Part 2 Dated | Agcy |
|---|---|---|---|---|
| JULIAN HERMOSILLO | 32 032 887 | MAR 7, 2007 | MAR 8, 2007 | 099 |

AMENDMENT OF APPLICATION     ☒ This section is Applicable   ☐ This section is Not Applicable

The following changes and additional statements as indicated below are made with respect to the application for insurance described above. This Amendment shall be a part of the application and will be subject in all respects to the agreements contained in the application.

QUESTION B19 OF THE PART 1 IS: $250,351
QUESTION B23 OF THE PART 1 IS: NOT
APPLICABLE

STATEMENT AS TO INSURABILITY  ☐ This section is Applicable   ☒ This section is Not Applicable

This Statement shall be a part of the application for insurance described above and will be subject in all respects to the agreements contained in the application. Each Proposed Insured signing below certifies that, except as may be amended above, the answers and statements given in the application for insurance referenced above are true and complete. They are true and complete to the best of the knowledge and belief of the Proposed Insured as if made when signing below. To the best of the knowledge and belief of each Proposed Insured signing below, since the date of any part of the application, the Proposed Insured has not:

- Had any illness or injury; or
- Sought or received treatment by a member of the medical profession; or
- Been advised by a member of the medical profession to seek medical treatment; or
- Had any change in occupation, place of residence, or aviation status; or
- Applied for, and is not now applying for or planning to apply for, life, disability, or health insurance in any other insurance company.

There are no exceptions to this certification except as noted here: _____

_____

_____

If there are any exceptions to this certification, the policy cannot be delivered without prior authorization from the Company's office at its address shown above.

_____

H16F-99                                                                                                  Page 1

**Exhibit D, Page 30**

POLICY DELIVERY RECEIPT    ☒ This section is Applicable    ☐ This section is Not Applicable

The Owner acknowledges receiving the above-numbered policy on the date of signature shown below.

AGREEMENT AND SIGNATURES

Each person signing below agrees that all representations made in this Supplement To Application are true and complete to the best of that person's knowledge and belief on the date signed.

The policy should not be delivered until this Supplement has been completed, signed by the Owner and the Proposed Insured(s), and dated. (If this form is used only as a Policy Delivery Receipt, only the Owner must sign.) If this Supplement is not completed, signed, and dated, the policy must be returned to the Company at its address shown above.

_____    _____    _____
Owner                        Proposed Insured(s), if not Owner      Date

_____
Agent (if required)

H16F-99                                                                    Page  2

　　　　RETURN TO:        Massachusetts Mutual Life Insurance Company
                          c/o Life Risk Management Amendments M325
                          1295 State Street
                          Springfield, MA 01111-0001                     32 032 887

**Exhibit D, Page 31**



Massachusetts Mutual Life Insurance Company and affiliates
Springfield MA 01111-0001

December 7, 2007

***M356***
ESTATE OF JULIAN HERMOSILLO
3432 TROPHY DR
LA MESA CA 91941

**By Overnight and Regular Mail**

Re:    Massachusetts Mutual Life Insurance Company Policy No.: 32 032 887
       <u>Applicant and Proposed Insured and Owner: Julian Hermosillo</u>

<u>NOTICE OF RESCISSION OF</u>
<u>WHOLE LIFE INSURANCE POLICY NO. 32 032 887</u>

To the Estate of Julian Hermosillo and/or its representative:

On March 7 and 8, 2007, Julian Hermosillo ("Mr. Hermosillo") completed, signed and submitted a written Application for life insurance ("Application") and a Temporary Life Insurance Receipt ("TLIR") to Massachusetts Mutual Life Insurance Company ("MassMutual") in an attempt to purchase a whole life Insurance policy in the face amount of $250,351.00 with MassMutual. Mr. Hermosillo was the proposed insured and owner of the applied for life insurance policy and his nephew, Tito Edwin Hermosillo ("Tito Hermosillo"), was the beneficiary of the applied for life insurance policy.

In executing the Application and the TLIR, Mr. Hermosillo stated and represented to MassMutual, among other things, that in the last 10 years he had not "used cocaine, barbiturates, narcotics, stimulants, hallucinogens, or other controlled substances not prescribed by a physician," had not "received treatment, attended a program or been counseled for alcohol or drug abuse or been advised by a health professional to reduce the use of alcohol," had not "been convicted of operating a motor vehicle while under the influence of alcohol or other drugs," and in the past 12 months had not "smoked cigarettes."

In reliance on each and every statement and representation made in, among other things, the Application and the TLIR, MassMutual approved and issued a Whole Life Insurance Policy, No. 32 032 887 (the "Policy") to Mr. Hermosillo with an issue and policy date of March 19, 2007. The insured and owner of the Policy was Mr. Hermosillo. The beneficiary of the Policy was Tito Hermosillo. The Policy provided life insurance benefits in the face amount of $250,351.00.

Based on material changes made to the policy applied for in the Application, on or about March 15, 2007, MassMutual issued an Amendment of Application for Mr. Hermosillo's Application

**Exhibit E, Page 32**

for life insurance with MassMutual.  This Amendment of Application was never executed or submitted to MassMutual by Mr. Hermosillo.

Mr. Hermosillo died on March 29, 2007.  On or after June 28, 2007, MassMutual received a claim for benefits under the Policy and/or the TLIR from Tito Hermosillo, as the Policy and/or the TLIR's beneficiary.

In investigating the claim submitted, MassMutual discovered for the first time that certain material representations and statements contained in, among other things, the Application and the TLIR completed and submitted by Mr. Hermosillo were false.  Specifically, MassMutual discovered that in the last 10 years Mr. Hermosillo had "used cocaine, barbiturates, narcotics, stimulants, hallucinogens, or other controlled substances not prescribed by a physician," had "received treatment, attended a program, or been counseled for alcohol or drug abuse, or been advised by a health professional to reduce the use of alcohol," had "been convicted of operating a motor vehicle while under the influence of alcohol or other drugs," and during the last 12 months Mr. Hermosillo had "smoked cigarettes."  MassMutual had no knowledge or information that the representations made by Mr. Hermosillo regarding his personal and health history, condition and treatment were false until after it issued the Policy on March 19, 2007.

Mr. Hermosillo's misrepresentations were material to the risks undertaken by MassMutual in issuing the Policy and the TLIR.  If Mr. Hermosillo had accurately disclosed his true personal and health history, condition and treatment, or if the true facts had been made known to MassMutual by Mr. Hermosillo prior to or at the time of the issuance of the Policy and/or the TLIR, the Policy and the TLIR would not have been issued by MassMutual, nor would the premiums paid by Mr. Hermosillo for the Policy or the TLIR have been accepted by MassMutual.

Based upon, among other things, the facts set forth above, MassMutual is hereby rescinding the Policy and the TLIR and is hereby giving the Estate of Julian Hermosillo and its representative notice of its rescission of MassMutual Life Insurance Policy No. 32 032 887 and the TLIR.  As a result of this rescission, the Policy and the TLIR are canceled, void and of no force and effect since their inception.

Because the Policy and the TLIR have been rescinded, there is no life insurance policy in existence with MassMutual under which Tito Hermosillo or any other person can make a claim for death benefits.  Accordingly, MassMutual is also hereby denying Tito Hermosillo's claim for benefits under the rescinded Policy and TLIR.

Mr. Hermosillo paid MassMutual $160.73 in premiums for the Policy and the TLIR.  Pursuant to California Civil Code § 1691(b), MassMutual is hereby tendering to the Estate of Julian Hermosillo and its representative a check, number 1083810 in the amount of $164.15 which represents the premiums paid for the Policy and the TLIR, plus interest accrued at the applicable rate from the date Mr. Hermosillo executed his Application through December 14, 2007.  In exchange for MassMutual's return of the premium, with interest, MassMutual hereby requests that the Estate of Julian Hermosillo and/or its representative surrender and return the original TLIR to MassMutual for cancellation.  In the event the Estate of Julian Hermosillo and its representative are presently unable to accept and/or negotiate this check (i.e., they have not yet been established or appointed), MassMutual hereby offers to restore all money paid by Mr. Hermosillo under the applied for Policy and TLIR on the condition that Mr. Hermosillo's Estate and/or its representatives surrender and return the original TLIR to MassMutual for cancellation.

**Exhibit E, Page 33**

Furthermore, because the Policy was issued with an Amendment to the Application, because the Policy was never delivered to Mr. Hermosillo, and/or because Mr. Hermosillo never executed the Amendment to the Application nor the policy delivery receipt, Mr. Hermosillo failed to satisfy an express condition pursuant to coverage under the Policy that the Policy will not take effect unless and until the insured/owner signs and does not modify the Amendment to the Application and policy delivery receipt. Consequently the Policy never took effect and is void.

As the investigation into the facts and circumstances surrounding the death of Mr. Hermosillo has not been completed, MassMutual hereby reserves all of its rights concerning any claim for benefits made under the Policy and/or the TLIR.

If you believe that this claim has been wrongfully denied, you may have the matter reviewed by the California Department of Insurance.

> California Department of Insurance
> Claims Services Bureau, 11th Floor
> 300 South Spring Street
> Los Angeles CA 90013
> Telephone Number 1-800-927-4357 (HELP) or 1-213-897-8921

If you have any questions, please contact me directly at (800) 767-1000, Ext. 21453.

Sincerely,

*Linda Evans*

Linda Evans, FLMI, ALHC
Claim Examiner
Life and Annuity Benefits

cc: Desiree Estela Hallas (099)
    Tito Edwin Hermosillo
    Lelis Hermosillo

**Exhibit E, Page 34**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

07 DEC 12 PH 1:00

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

(b) County of Residence of First Listed Plaintiff  **MASSACHUSETTS**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **SAN DIEGO**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Brian K. Mazen, MESERVE, MUMPER & HUGHES LLP
300 So. Grand Ave., Los Angeles, CA  90071    213-620-0300

Attorneys (If Known)

**'07 CV 2326 LAB WMc**    BY FAX

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1332(a)(1) and 1332(c)(1) - DIVERSITY
Brief description of cause:
Rescission of insurance contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ in excess of $75,000    CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE    DOCKET NUMBER

DATE December 12, 2007    SIGNATURE OF ATTORNEY OF RECORD BRIAN K. MAZEN

## FOR OFFICE USE ONLY

RECEIPT # 145446    AMOUNT $350  12/12/07    APPLYING IFP    JUDGE    MAG. JUDGE

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 145446    – BH
* * C O P Y * *
December 12, 2007
13:00:59**

**Civ Fil Non-Pris**
USAO #.: 07CV2326 CIVIL FILING
Judge..: LARRY A BURNS
Amount.:                    $350.00 CK
Check#.: BC# 65132

**Total–>   $350.00**

FROM: MASS. MUTUAL LIFE V. HERMOSILL
      CIVIL FILING

http://casdwebdev.casd.circ9.dcn/scan_page_test_print_casdweb.php   12/12/2007

*12 12 2007 4:19:46 PM*



* *WARRANT*



*PLEADINGS*



* *07HJ2754*



*BATTAGLIA*



*SEPARATOR PAGE*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | |
| --- | --- |
| v. | Magistrate Case No. 07MJ2754 |
| MARTIN ANDRES MEDINA | WARRANT OF REMOVAL (After Hearing) |

MARTIN ANDRES MEDINA

To:  United States Marshal

A warrant having been issued in the Western District of Texas, charging defendant **MARTIN ANDRES MEDINA** with violating conditions of supervised release, in violation of Title 18, United States Code, Section 3583(e)(3), and the above-named defendant having been arrested in this district and, after hearing, pursuant to Federal Rule of Criminal Procedure 32.1, having been committed by a United States Magistrate Judge to your custody pending his removal to that district,

You are hereby commanded to commit the above-named defendant forthwith to the Western District of Texas and there deliver him to the United States Marshal for that district or to some other officer authorized to receive him.

Dated at San Diego, California, this _____ day of _____, 2007.

_____
HON. ANTHONY J. BATTAGLIA
United States Magistrate Judge

RECEIVED
2007 DEC 12
U.S. MARSHAL OF
SOUTHERN DIS
CALIFOR
06

RETURN

Western District of Texas (at Pecos)     ss

Received the within warrant of removal the _____ day of _____, 2007, and executed same.

_____  U. S. Marshal

By _____  Deputy Marshal

Federal Receipt

*12 12 2007 4:21:56 PM*




*REQUEST*



*PLEADINGS*



*05CV1246*



*JONES*



*SEPARATOR PAGE*



Shawn Guy
9951 El Granito
La Mesa, CA 91941
(858) 518-2710

in Pro Per

In The United States District Court
For the Southern District of California

In Re:

Shawn Guy, Plaintiff

vs

County of San Diego,

Jason Roland, and

Does 1 – 20 Defendants

CASE: 05-CV-1246-J (CAB)

PLAINTIFF'S FORMAL REQUEST FOR A
CONTINUANCE OF PRETRIAL DISCLOSURE
PURSUANT TO FEDERAL RULES OF
CIVIL PROCEDURE, RULE 26 (a) (3)

Pretrial Conf. DATE: December 17, 2007
TIME: 9 a.m.
COURT ROOM: 12
JUDGE: Napolian Jones

I, Shawn Guy, plaintiff, hereinafter known as Guy, declare as follows:

I am requesting a CONTINUANCE of the above mentioned Pretrial Disclosure set for

December 17, 2007. Approximately nine (9) months ago, possibly in March of 2007, a date was set between

my previous attorney, a Michael R. Marrinan, Esq., and the County of San Diego, for a Pretrial Hearing.

Following the date set, the defendants have filed a Motion for Summary Judgment against me. I did

respond on October 2, 2007 with my OPPOSITION TO NOTICE OF MOTION and MOTION FOR

SUMMARY JUDGMENT. The Court then removed oral arguments off the Calendar for October

FILED

07 DEC 12 PM 1:15

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

9, 2007. Accordingly, no decision has been rendered by the Court. Because this issue has not

been settled, I am not prepared for this Hearing. After I received the decision I will reschedule this

Pretrial Hearing. I do want to reassure the Court however, that I have credible witnesses to support

my case.

I received a copy of a letter to Magistrate Judge Cathy A. Bencivengo from the County

of San Diego, dated September 4, 2007, which states on page one (1), first paragraph, that

within hours of being transferred to Central Jail on September 18, 2004, that I, Guy, received

X-Rays that very same morning. **THIS IS INCORRECT. The County of San Diego refutes its'**

own assertion, as seen on page 4, line 16, of Defendant's Pretrial Disclosure for pretrial set for

December 17, 2007, by acknowledging that X-Rays were in fact **NOT** taken until September

21, 2004, five (5) full days after my injury!

I am respectfully requesting a *Continuance* of Pretrial Disclosure dated December 17, 2007.

**I declare under penalty of perjury that the foregoing is true and correct.**

_____          _____
Shawn A. Guy                     Date

                                 12-12-07

SAG/nae

                              cc:   Federal Court
                                    County of San Diego

2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Shawn Guy, plaintiff      )
               )    Case No. 05-CV-1246-J (CAB)
               )
vs.              )    **DECLARATION OF SERVICE**
               )
County of San Diego  )    Person Served:
               )    County of San Diego
               )    Date Served:
               )    12/12/07

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents:

in the following manner: (check one)

1)   **x**  By personally delivering copies to the person served.

2)       By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to ther person served at the place where the copies were left.

3)       By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4)       By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at _____ on _____ , 20__ .

Executed on  December 12 , 20 07     at 1 p.m.

_Ware Q.Q._

*12 12 2007 4:20:44 PM*



*DISCLOSURE STATEMENT*



*PLEADINGS*



*      07CV2326      *



*BURNS*



*SEPARATOR PAGE*



**ORIGINAL**

BY FAX

Linda M. Lawson (Bar No. 77130)
LLawson@mmhlip.com
Brian K. Mazen (Bar No. 130777)
BMazen@mmhlip.com
MESERVE, MUMPER & HUGHES LLP
300 South Grand Avenue, 24th Floor
Los Angeles, California 90071-3185
Telephone: (213) 620-0300
Facsimile: (213) 625-1930

Attorneys for Plaintiff
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

FILED
07 DEC 12 PM 12:57
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | Case No. '07 CV 2326 LAB WMC |
| Plaintiff, | PLAINTIFF MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S DISCLOSURE STATEMENT |
| v. | [F.R.C.P. 7.1(a)] |
| THE ESTATE OF JULIAN HERMOSILLO, a California Probate Estate, | |
| Defendant. | |

Pursuant to Federal Rules of Civil Procedure, Rule 7.1(a), Plaintiff MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY ("MassMutual"), hereby certifies that the following listed parties have a direct, pecuniary interest in the outcome of this case. These disclosures are made to enable the Court to evaluate possible disqualification or recusal:

| PARTY | CONNECTION |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | Plaintiff |
| THE ESTATE OF JULIAN HERMOSILLO | Defendant |

1   The undersigned, counsel of record for MassMutual, makes the following
2   representations: There is no publicly held corporation that controls MassMutual
3   either directly or through others.  Since MassMutual is a mutual company, there is
4   no MassMutual stock and, therefore, no publicly held corporation that owns 10% or
5   more of MassMutual stock.    The only publicly held or traded affiliates of
6   MassMutual are:  MassMutual Mercuries Life Insurance Company, Limited
7   (Taiwan), MassMutual Life Insurance Company (Japan), formerly Aetna Heiwa,
8   MassMutual Corporate Investors, and MassMutual Participation Investors.

9

10  Dated: December 12, 2007        MESERVE, MUMPER & HUGHES LLP
11                                  Linda M. Lawson
                                    Brian K. Mazen
12                                  By: _____
13                                      Brian K. Mazen
14                                      Attorneys for Plaintiff
                                        MASSACHUSETTS MUTUAL LIFE
15                                      INSURANCE COMPANY
16
17
18
19
20
21
22
23
24
25
26
27
28