Stephen J. Estey, Esq. # 163093
ESTEY & BOMBERGER
2869 India Street
San Diego, California 92103
Telephone: (619) 295-0035
Facsimile: (619) 295-0172

Attorney for Cross-Complainants

FILED
2008 FEB 26 PM 1:34
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____KNK_____DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>THE ESTATE OF JULIAN HERMOSILLO, a California Probate Estate,<br><br>　　　　　Defendants.<br>_____<br>THE ESTATE OF JULIAN HERMOSILLO, a California Probate Estate and TITO HERMOSILLO,<br><br>　　　　　Cross-Complainants,<br><br>　　vs.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>　　　　　Cross-Defendant.<br>_____ | Case No. 07 CV 2326 LAB WMc<br><br>**CROSS-COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**\*JURY TRIAL DEMANDED** |

COMES NOW, THE ESTATE OF JULIAN HERMOSILLO and TITO HERMOSILLO ("Cross-Complainants") and allege as follows:

1)　Cross-Defendant MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY ("MASS MUTUAL") is, and at all times mentioned herein, was an insurance

1

CROSS-COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

company existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located in Springfield, Massachusetts.

2) Cross-Complainant, Tito Hermosillo, is, and at all relevant times mentioned herein, was an individual residing in the County of San Diego.

3) Cross-Complainant, The Estate of Julian Hermosillo, is, and at all relevant times mentioned herein, a probate estate administered in the State of California, County of San Diego.

4) At all relevant times, the Cross-Defendant was legally responsible for Cross-Complainants' damages as alleged in this cross-complaint, as were the employees or agents of Cross-Defendant and were acting within the scope of such agency or employment with the complete knowledge, consent and authority of the Cross-Defendant.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(AGAINST CROSS-DEFENDANT MASS MUTUAL)**

5) Cross-Complainants reassert and reallege the allegations contained in paragraphs 1 through 4.

6) On or about March 7, 2007, the Julian Hermosillo completed, signed and submitted an application for a Whole Life insurance policy in the amount of $250,000.00 to Cross-Defendant Mass Mutual (the "Application").

7) The beneficiary of said life insurance policy was Julian's nephew, Cross-Complainant, Tito Hermosillo.

8) Question 1(a) under section I, part 1 of the Application asked: "Have you smoked cigarettes during the last 12 months?" Julian's response to this question was "No."

9) Question 9 under section I, part 1 of the Application asked: "Within the last 10 years, has the insured been convicted of operating a motor vehicle while under the influence of

alcohol or other drugs?" Julian's response to this question was "No."

10) Question 10(a) under section K, part 1 of the Application asked: "In the last 10 years have you used cocaine, barbiturates, narcotics, stimulants, hallucinogens, or other controlled substances not prescribed by a physician?" Julian's response to this question was "No."

11) Question 10(b) under section K, part 1 of the Application asked: "In the last 10 years have you received treatment, attended a program or been counseled for alcohol or drug abuse, or been advised by a health professional to reduce the use of alcohol?" Julian's response to this question was "No."

12) On. March 7, 2007, Julian Hermosillo completed, signed and submitted a written Temporary Life Insurance Receipt ("TLIR") to Mass Mutual in concordance with the Application. Julian was required to once again answer the above questions and again responded "No" to each of them.

13) On March 8, 2007, Julian Hermosillo completed, signed and submitted part 2 of the Application to Mass Mutual.

14) Question 5(a) of part 2 of the Application asked: "Have you smoked cigarettes in the past 12 months?" Julian's response to this question was "No."

15) Question 6 of part 2 of the Application asked: "Have you ever received any treatment in relation to alcoholism or use of alcohol?" Julian's response to this question was "No."

16) Question 7 of part 2 of the Application asked: "Have you ever used barbiturates, narcotics, cocaine or other controlled substances not prescribed by a physician?" Julian's response to this question was "No."

17) In executing parts 1 and 2 of the Application, Julian was issued the Whole Life insurance policy, No. 32 032 887 (the "Policy") on March 19, 2007.

18) Julian Hermosillo paid Mass Mutual a premium of $160.73 for the Policy.

19) On or about March 15, 2007, Mass Mutual issued an Amendment of Application to the Policy for the following material changes:

> The following changes and additional statements as indicated below are made with respect to the application for insurance described above. This Amendment shall be a part of the application and will be subject in all respects to the agreements contained in the application.
>
> QUESTION B19 OF THE PART 1 IS: $250,351
>
> QUESTION B23 OF THE PART 1 IS: NOT APPLICABLE

20) On March 29, 2007, Julian Hermosillo died.

21) On or about June 28, 2007, Cross-Complainant Tito Hermosillo, as the named beneficiary, filed a claim for benefits under the Policy and/or the TLIR.

22) On December 7, 2007, The Estate of Julian Hermosillo was notified via a letter from Mass Mutual that the Policy was rescinded and Tito Hermosillo's claim was denied based allegations that the statements made by Julian Hermosillo in the Application and the TLIR were "false", specifically that in the last 10 years Mr. Hermosillo had:

> 'used cocaine, barbiturates, narcotics, stimulants, hallucinogens, or other controlled substances not prescribed by a physician,' had 'received treatment, attended a program, or been counseled for alcohol or drug abuse, or been advised by a health professional to reduce the use of alcohol,' had 'been convicted of operating a motor vehicle while under the influence of alcohol or other drugs, and during the last 12 months Mr. Hermosillo had 'smoked cigarettes.'

23) None of the above allegations against Julian Hermosillo in Mass Mutual's December 7, 2007 were substantiated by factual evidence.

24) In addition, Mass Mutual stated in the December 7, 2007 letter that an additional reason for the rescission of the Policy and the denial of Tito Hermosillo's claim was that the March 15, 2007 Amendment of Application was never executed or submitted to Mass Mutual by Julian Hermosillo.

25) As a result of Cross-Defendant Mass Mutual's breach, Cross-Complainants have suffered damages in the amount of $250,000.00.

## SECOND CAUSE OF ACTION

**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (AGAINST CROSS-DEFENDANT MASS MUTUAL)**

26) Cross-Complainants reassert and reallege the allegations contained in paragraphs 1 through 25.

27) Cross-Defendant Mass Mutual had a duty to act fairly and in good faith to Cross-Complainants in carrying out its responsibilities under the policy.

28) Implicit in Cross-Defendant's obligations to act fairly and in good faith to Cross-Complainants is its duty to review all pertinent evidence in investigating Cross-Complainants' claim, to honor its obligations under the policy when it becomes reasonably clear that Cross-Complainants is entitled to coverage, to make reasonable coverage decisions and to make a timely investigation of Cross-Complainants' claim.

29) Cross-Defendant Mass Mutual breached its obligations to act fairly and in good faith toward Cross- Complainants by, inter alia:

    a) Failing to recognize its obligations in this instance;

    b) Failing to timely investigate the claim; and

    c) Basing its denial for the full policy benefits on its desire to avoid its

obligations to Cross-Complainants; and

30) As a direct and proximate result of Cross-Defendant's bad faith breach, Cross-Complainants has suffered damages consisting of, inter alia, attorney fees associated with having to enforce Cross- Complainants' rights under the policy. Cross-Complainants have also suffered emotional distress as a result of Cross-Defendant's wrongful attempts to coerce Cross-Complainants from obtaining the benefits of the policy.

31) In refusing to fulfil its obligations under the above policy, Cross-Defendants acted with malice, fraud and oppression in that it forced Cross-Complainants to hire an attorney to enforce their rights under the policy by failing to offer the appropriate benefits. Further, Cross-Complainants are informed and believe and thereon allege, that Cross-Defendant has a corporate pattern and practice of fraudulently "lowballing" its insureds with respect to the amounts due under their life insurance policies and routinely forces its insureds to hire attorneys to protect their rights. It is believed Mass Mutual proceeds in this manner in order to increase its profits at the expense of its insureds. Accordingly, Cross-Complainants are entitled to an award of punitive damages.

WHEREFORE, Cross- Complainants prays for the following:

1. Economic damages in an amount according to proof;

2. Non-economic damages in an amount according to proof;

3. Punitive damages in an amount according to proof;

4. Attorneys fees according to proof;

5. For costs of suit and pre-judgment interest; and

6. Any other relief this Court deems just and proper.

**JURY TRIAL DEMANDED**

Dated: February 25, 2008

Respectfully submitted,

ESTEY & BOMBERGER, LLP

_____
STEPHEN J. ESTEY,
Attorney for Defendant The Estate of Julian Hermosillo and Tito Hermosillo