Linda M. Lawson (Bar No. 77130)
LLawson@mmhllp.com
Brian K. Mazen (Bar No. 130777)
BMazen@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
300 South Grand Avenue, 24th Floor
Los Angeles, California 90071-3185
Telephone: (213) 620-0300
Facsimile: (213) 625-1930

Attorneys for Plaintiff and Cross-Defendant
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>THE ESTATE OF JULIAN HERMOSILLO, a California Probate Estate,<br><br>　　　　Defendant.<br>_____<br>THE ESTATE OF JULIAN HERMOSILLO, a California Probate Estate and TITO HERMOSILLO,<br><br>　　　　Cross-Complainants,<br><br>　vs.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>　　　　Cross-Defendant. | Case No. 07 CV 2326 LAB (WMc)<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S ANSWER TO CROSS-COMPLAINT |

　　　Plaintiff and Cross-Defendant Massachusetts Mutual Life Insurance Company (hereinafter referred to as "MassMutual"), acting for itself alone, hereby responds to

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

91869.1

1

ANSWER TO CROSS-COMPLAINT

Cross-Complainants The Estate of Julian Hermosillo and Tito Hermosillo's (hereinafter collectively referred to as "Cross-Complainants") Cross-Complaint as follows:

1. Answering paragraph 1, MassMutual admits the allegations contained in paragraph 1.

2. Answering paragraph 2, MassMutual lacks sufficient information and belief regarding the allegations of paragraph 2, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 2.

3. Answering paragraph 3, MassMutual, on information and belief, admits the allegations of paragraph 3.

4. Answering paragraph 4, MassMutual denies, generally and specifically, each, every and all of the allegations contained in paragraph 4.

5. Answering paragraph 5, MassMutual incorporates its answers to paragraphs 1 through 4 above as though fully set forth herein.

6. Answering paragraph 6, MassMutual admits that on March 7, 2007, Julian Hermosillo ("Julian"), as the applicant and proposed insured and owner, completed, signed and submitted Part 1 of a written Application ("Application") for life insurance to MassMutual. In Part 1 of the Application, Julian applied for a Whole Life Policy in the face amount of $250,000.00. Except as expressly alleged, MassMutual denies, generally and specifically, each, every and all of the remaining allegations contained in paragraph 6.

7. Answering paragraph 7, MassMutual admits that the beneficiary of the applied for life insurance policy was Tito Edwin Hermosillo ("Tito"). Except as expressly alleged, MassMutual denies, generally and specifically, each, every and all of the remaining allegations contained in paragraph 7.

8. Answering paragraph 8, MassMutual admits that Question Number 1.a. of Section I of Part 1 of the Application asks: "Have you smoked cigarettes during the last 12 months?" and that Julian's response to this question was "No." Except as

expressly alleged, MassMutual denies, generally and specifically, each, every and all of the remaining allegations contained in paragraph 8.

9. Answering paragraph 9, MassMutual admits that Question Number 9. of Section I of Part 1 of the Application asks: "Within the last 10 years, has the insured been convicted of operating a motor vehicle while under the influence of alcohol or other drugs?" and that Julian's response to this question was "No." Except as expressly alleged, MassMutual denies, generally and specifically, each, every and all of the remaining allegations contained in paragraph 9.

10. Answering paragraph 10, MassMutual admits that Question Number 10.a. of Section K of Part 1 of the Application asks: "In the last 10 years have you used cocaine, barbiturates, narcotics, stimulants, hallucinogens, or other controlled substances not prescribed by a physician?" and that Julian's response to this question was "No." Except as expressly alleged, MassMutual denies, generally and specifically, each, every and all of the remaining allegations contained in paragraph 10.

11. Answering paragraph 11, MassMutual admits that Question Number 10.b. of Section K of Part 1 of the Application asks: "In the last 10 years have you received treatment, attended a program or been counseled for alcohol or drug abuse, or been advised by a health professional to reduce the use of alcohol?" and that Julian's response to this question was "No." Except as expressly alleged, MassMutual denies, generally and specifically, each, every and all of the remaining allegations contained in paragraph 11.

12. Answering paragraph 12, MassMutual admits that on March 7, 2007, Julian, as the applicant, proposed insured and owner, and premium payer, completed, signed and submitted a written Temporary Life Insurance Receipt ("TLIR") to MassMutual in connection with his Application for life insurance. MassMutual further alleges that the TLIR speaks for itself and is the best evidence of its contents. MassMutual further admits that Question Number 1.b. of the Health

Questions of the TLIR asks: "In the last five years, has the proposed insured: Received treatment, attended a program or been counseled for alcohol or drug abuse or been advised by a health professional to receive such treatment?" and that Julian's response to this question was "No." Except as expressly alleged, MassMutual denies, generally and specifically, each, every and all of the remaining allegations contained in paragraph 12.

13.     Answering paragraph 13, MassMutual admits that on March 8, 2007, Julian, as the applicant and proposed insured and owner, completed, signed and submitted Part 2 of the written Application to MassMutual. Except as expressly alleged, MassMutual denies, generally and specifically, each, every and all of the remaining allegations contained in paragraph 13.

14.     Answering paragraph 14, MassMutual admits that Question Number 5.a. of Part 2 of the Application asks: "Have you smoked cigarettes in the past 12 months?" and that Julian's response to this question was "No." Except as expressly alleged, MassMutual denies, generally and specifically, each, every and all of the remaining allegations contained in paragraph 14.

15.     Answering paragraph 15, MassMutual admits that Question Number 6 of Part 2 of the Application asks: "Have you ever received any treatment in relation to alcoholism or use of alcohol?" and that Julian's response to this question was "No." Except as expressly alleged, MassMutual denies, generally and specifically, each, every and all of the remaining allegations contained in paragraph 15.

16.     Answering paragraph 16, MassMutual admits that Question Number 7 of Part 2 of the Application asks: "Have you ever used barbiturates, narcotics, cocaine, or other controlled substances not prescribed by a physician?" and that Julian's response to this question was "No." Except as expressly alleged, MassMutual denies, generally and specifically, each, every and all of the remaining allegations contained in paragraph 16.

17. Answering paragraph 17, MassMutual alleges that in reliance on each and every statement and representation made in, among other things, Parts 1 and 2 of the Application and the TLIR, MassMutual approved and issued the subject Whole Life Insurance Policy, No. 32 032 887 (the "Policy") to Julian with a issue and policy date of March 19, 2007. The insured and owner of the Policy was Julian. The beneficiary of the Policy was Tito. The Policy provided life insurance benefits in the face amount of $250,351.00 (an amount different than what was applied for in the initial Application) and did not contain a Waiver of Premium benefit (as was applied for in the Application). MassMutual further alleges that the Policy was never delivered to or received by Julian. Except as expressly alleged, MassMutual denies, generally and specifically, each, every and all of the remaining allegations contained in paragraph 17

18. Answering paragraph 18, MassMutual admits Julian has paid $160.73 in premiums for the Policy and the TLIR. Except as expressly alleged, MassMutual denies, generally and specifically, each, every and all of the remaining allegations contained in paragraph 18.

19. Answering paragraph 19, MassMutual alleges that based on the material changes made to the policy applied for in the Application, on or about March 15, 2007, MassMutual issued an Amendment of Application for Julian's Application for life insurance with MassMutual. MassMutual further alleges that the Amendment of Application speaks for itself and is the best evidence of its contents. MassMutual further alleges that the Amendment of Application was never executed or submitted to MassMutual by Julian. Except as expressly alleged, MassMutual denies, generally and specifically, each, every and all of the remaining allegations contained in paragraph 19.

20. Answering paragraph 20, MassMutual admits, on information and belief, that Julian died on March 29, 2007.

1    21.     Answering paragraph 21, MassMutual alleges that on or after June 22, 2007, MassMutual received a claim for benefits under the Policy and/or the TLIR from Tito, as the Policy's and/or the TLIR's beneficiary. MassMutual lacks sufficient information and belief regarding the remaining allegations of paragraph 21, and on that basis, denies, generally and specifically, each, every and all of the remaining allegations contained in paragraph 21.

22.     Answering paragraph 22, MassMutual alleges that, pursuant to California Civil Code Section 1691, on December 7, 2007 MassMutual gave notice of its rescission of the Policy and the TLIR to Julian's Estate by mailing and overnight delivering a Notice of Rescission letter to the Estate and/or its representative. MassMutual further alleges that the December 7, 2007 rescission letter speaks for itself and is the best evidence of its contents. MassMutual further alleges that because of the material misrepresentations, fraudulent statements and concealments by Julian concerning his personal and health history, condition and treatments, the Policy and the TLIR are void and of no force and effect since their inception, and MassMutual is not and never will be liable to anyone thereunder. MassMutual further alleges that the Policy and the TLIR have been rescinded. MassMutual further alleges that because the Policy and the TLIR have been rescinded, there is no life insurance policy in existence with MassMutual under which Tito or any other person can make a claim for death benefits. MassMutual further alleges that it denied Tito's claim for benefits under the rescinded Policy and TLIR through the December 7, 2007 rescission letter. Except as expressly alleged, MassMutual denies, generally and specifically, each, every and all of the remaining allegations contained in paragraph 22.

23.     Answering paragraph 23, MassMutual denies, generally and specifically, each, every and all of the allegations contained in paragraph 23.

24.     Answering paragraph 24, MassMutual alleges that the December 7, 2007 rescission letter speaks for itself and is the best evidence of its contents.

MassMutual further alleges that because the Policy was issued with an Amendment to the Application, because the Policy was never delivered to Julian, and/or because Julian never executed the Amendment to the Application nor the Policy Delivery Receipt, Julian failed to satisfy an express condition precedent to coverage under the Policy that the Policy will not take effect unless and until the insured/owner signs and does not modify the Amendment to the Application and Policy Delivery Receipt. Therefore, the Policy never took effect and is void and of no force and effect, and MassMutual is not and never will be liable to anyone thereunder because there was and is no life insurance policy in existence with MassMutual under which Tito or any other person can make a claim for death benefits. Except as expressly alleged, MassMutual denies, generally and specifically, each, every and all of the remaining allegations contained in paragraph 24.

25. Answering paragraph 25, MassMutual denies, generally and specifically, each, every and all of the allegations contained in paragraph 25.

26. Answering paragraph 26, MassMutual incorporates its answers to paragraphs 1 through 25 above as though fully set forth herein.

27. Answering paragraph 27, MassMutual alleges that these allegations are legal conclusions to which no responsive pleading is required. To the extent that these allegations may be deemed to contain factual allegations, MassMutual denies, generally and specifically, each, every and all such allegations contained in paragraph 27.

28. Answering paragraph 28, MassMutual alleges that these allegations are legal conclusions to which no responsive pleading is required. To the extent that these allegations may be deemed to contain factual allegations, MassMutual denies, generally and specifically, each, every and all such allegations contained in paragraph 28.

29. Answering paragraph 29, MassMutual denies, generally and specifically, each, every and all of the allegations contained in paragraph 29.

30. Answering paragraph 30, MassMutual denies, generally and specifically, each, every and all of the allegations contained in paragraph 30.

31. Answering paragraph 31, MassMutual denies, generally and specifically, each, every and all of the allegations contained in paragraph 31.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

32. MassMutual alleges that the Cross-Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against MassMutual.

### SECOND AFFIRMATIVE DEFENSE

33. MassMutual alleges that the Cross-Complaint, and each purported cause of action contained therein, fails to state any facts that would entitle Cross-Complainants to recover general, compensatory, exemplary, punitive, and/or other damages (including attorney's fees and costs) against MassMutual.

### THIRD AFFIRMATIVE DEFENSE

34. MassMutual alleges that any and all of the actions taken by MassMutual were fair and reasonable and were performed in good faith based on all relevant facts known to MassMutual at the time. Therefore, MassMutual alleges that its actions were privileged and Cross-Complainants are not entitled to a recovery of punitive or exemplary damages against MassMutual.

### FOURTH AFFIRMATIVE DEFENSE

35. MassMutual alleges that if Cross-Complainants have sustained any damages as alleged in the Cross-Complaint, which MassMutual denies, they failed

to mitigate their damages.

### FIFTH AFFIRMATIVE DEFENSE

36. MassMutual is informed and believes and based thereon alleges that Cross-Complainants are barred from any recovery on their Cross-Complaint and each of the purported causes of action alleged therein under the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

37. MassMutual is informed and believes and based thereon alleges that Cross-Complainants are barred from any recovery on their Cross-Complaint and each of the purported causes of action alleged therein under the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

38. MassMutual is informed and believes, and on that basis alleges that its purported obligations, if any, as alleged in the Cross-Complaint were fully performed.

### EIGHTH AFFIRMATIVE DEFENSE

39. MassMutual is informed and believes, and on that basis alleges that if MassMutual failed to perform any obligations owed to Cross-Complainants, which MassMutual categorically denies, such performances were prevented or made impossible as a result of acts or omissions of Cross-Complainants and/or other third parties.

### NINTH AFFIRMATIVE DEFENSE

40. MassMutual alleges that, without conceding that Cross-Complainants sustained any damages as alleged in the Cross-Complaint, if any such damages were sustained by Cross-Complainants, Cross-Complainants failed to and did not exercise

ordinary care, caution or prudence on their own behalf and that the alleged damages, if any, either sustained by Cross-Complainants or referred to in the Cross-Complaint were directly and proximately caused and contributed to by the acts and/or omissions of Cross-Complainants. Accordingly, recovery, if any, on the part of Cross-Complainants against MassMutual must be reduced by a proportionate percentage of the wrong attributable to Cross-Complainants.

## **TENTH AFFIRMATIVE DEFENSE**

41. MassMutual alleges that, without conceding Cross-Complainants sustained any damages as alleged in their Cross-Complaint, if any such damages were sustained by Cross-Complainants, they were caused and/or contributed to by the actions and/or negligence of Cross-Complainants and/or their agents or representatives and/or by persons or entities other than MassMutual, who at all times were acting without the consent, authorization, knowledge or ratification of MassMutual, with regard to any and all of the acts alleged in the Cross-Complaint, and the award of damages, if any, should be reduced by the proportionate percentage of the wrong attributable to those persons or entities and/or Cross-Complainants and/or their agents or representatives.

## **ELEVENTH AFFIRMATIVE DEFENSE**

42. Without conceding that Cross-Complainants have suffered any damages as alleged in the Cross-Complaint, MassMutual alleges that if any such damages were sustained by Cross-Complainants, those damages should be properly apportioned among all persons or entities who contributed to those damages in proportion to the fault of those persons or entities, pursuant to California Civil Code Section 1431.2 and any relevant provisions of California common and statutory law.

### TWELFTH AFFIRMATIVE DEFENSE

43.  MassMutual alleges that it has fully performed all of its duties and obligations, if any, under any contract or relationship with Cross-Complainants and/or Julian.  All events, happenings, injuries and damages referred to in Cross-Complainants' Cross-Complaint were proximately caused by the negligence and/or fault of Cross-Complainants and/or firms, persons, corporations or entities other than MassMutual and as to whom MassMutual exercises no control.

### THIRTEENTH AFFIRMATIVE DEFENSE

44.  MassMutual alleges that the bases and methods by which punitive damages are imposed pursuant to California Statutory and Common Law are fatally and constitutionally infirm, and that giving effect to such laws is violative of the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and equivalent provisions of the California Constitution.  The state laws in question are invalid on their face, or impermissibly vague, imprecise and inconsistent with MassMutual's rights to due process, equal protection and the right to be free from cruel and unusual punishments.

### FOURTEENTH AFFIRMATIVE DEFENSE

45.  MassMutual alleges that Cross-Complainants have no right to recover benefits and/or damages against MassMutual under applicable law or the terms and conditions of the subject applied for Policy at issue in the Cross-Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

46.  MassMutual alleges that the Cross-Complaint, and each cause of action contained therein, is barred by virtue of the failure of a condition precedent to the performance of MassMutual under the agreement alleged in the Cross-Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

47. MassMutual alleges that Cross-Complainants are barred from any recovery on their Cross-Complaint and each of the purported causes of action alleged therein on the grounds that MassMutual did not and does not owe Cross-Complainants any duty with respect to the alleged insurance coverage provided under the subject applied for Policy.

### SEVENTEENTH AFFIRMATIVE DEFENSE

48. MassMutual is informed and believes, and on that basis alleges, that if it failed to perform any obligations owing to Cross-Complainants or Julian, which MassMutual categorically denies, such performance was prevented or made impossible as a result of acts or omissions of Cross-Complainants, Julian, and/or other third parties.

### EIGHTEENTH AFFIRMATIVE DEFENSE

49. MassMutual alleges that the Cross-Complaint is barred because the alleged conduct of MassMutual is excused.

### NINETEENTH AFFIRMATIVE DEFENSE

50. MassMutual alleges that no acts or omissions by MassMutual constitute the proximate or legal cause of any of Cross-Complainants' alleged damages. Therefore, Cross-Complainants have no valid claim against MassMutual.

### TWENTIETH AFFIRMATIVE DEFENSE

51. MassMutual is informed and believes, and on that basis alleges, that at the time and place of the incidents alleged in the Cross-Complaint, Cross-Complainants and/or Julian knew of the dangers and risks incident to their undertakings, but despite such knowledge, they freely and voluntarily assumed and

1  exposed themselves to all risks of harm and the consequential injuries and damages,
2  if any, there from.

#### TWENTY-FIRST AFFIRMATIVE DEFENSE

52. MassMutual is informed and believes, and on that basis alleges, that by virtue of Cross-Complainants' careless, negligent and other wrongful conduct, Cross-Complainants are barred from any recovery on their Cross-Complaint and each of the purported causes of action alleged therein under the doctrine of unclean hands.

#### TWENTY-SECOND AFFIRMATIVE DEFENSE

53. MassMutual is informed and believes, and on that basis alleges, that Cross-Complainants are barred from any recovery on their Cross-Complaint and each of the purported causes of action alleged therein on the grounds that Cross-Complainants and/or Julian breached the dual covenant of good faith and fair dealing.

#### TWENTY-THIRD AFFIRMATIVE DEFENSE

54. MassMutual is informed and believes, and basis thereon alleges, that Cross-Complainants are barred from any recovery on their Cross-Complaint and each of the purported causes of action alleged therein on the grounds that the subject Policy and the TLIR have been rescinded, the Policy and the TLIR are void and of no force and effect since their inception, and MassMutual is not and never will be liable to anyone thereunder.

#### TWENTY-FOURTH AFFIRMATIVE DEFENSE

55. MassMutual alleges that Cross-Complainants are barred from any recovery on their Cross-Complaint and each of the purported causes of action

alleged therein on the grounds that because the Policy and the TLIR have been rescinded, there is no life insurance policy in existence with MassMutual under which Cross-Complainants or any other person can make a claim for death benefits.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

56. MassMutual alleges that Cross-Complainants are barred from any recovery on their Cross-Complaint and each of the purported causes of action alleged therein on the grounds that because the applied for Policy was issued with an Amendment to the Application, because the Policy was never delivered to Julian, and/or because Julian never executed the Amendment to the Application nor the Policy Delivery Receipt, Julian failed to satisfy an express condition precedent to coverage under the Policy that the Policy will not take effect unless and until the insured/owner signs and does not modify the Amendment to the Application and Policy Delivery Receipt. Therefore, the Policy never took effect and is void and of no force and effect, and MassMutual is not and never will be liable to anyone thereunder.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

57. MassMutual is informed and believes, and on that basis alleges, that Cross-Complainants lack standing to assert the causes of action alleged, or seek the damages sought, in the Cross-Complaint against MassMutual.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

58. MassMutual alleges that Cross-Complainants are barred from any recovery on their Cross-Complaint and each of the purported causes of action alleged therein because MassMutual has no duty to or privity of contract with Cross-Complainants as alleged in the Cross-Complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

59.  MassMutual alleges that Cross-Complainants' Cross-Complaint and each alleged cause of action therein is so vague, ambiguous, unintelligible, uncertain, and indefinite that MassMutual is unable to understand the full nature and character of the allegations, and is thereby prejudiced in ascertaining all defenses which may be available to it.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

60.  MassMutual presently has insufficient knowledge or information on which to form a belief whether it may have additional, yet unstated affirmative defenses.  MassMutual reserves the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

## PRAYER

WHEREFORE, MassMutual prays for judgment against Cross-Complainants as follows:

1.  That Cross-Complainants take nothing by way of their Cross-Complaint on file and that the same be dismissed in its entirety with prejudice as to MassMutual;

2.  That the Court declare that no benefits or damages are payable to Cross-Complainants as alleged in the Cross-Complaint;

3. For judgment against Cross-Complainants and in favor of MassMutual;

4. That MassMutual recover its costs of suit incurred herein, including reasonable attorneys' fees; and

5. For such other and further relief as this Court deems just and proper.

Dated: March 17, 2008

MESERVE, MUMPER & HUGHES LLP
Linda M. Lawson
Brian K. Mazen

By:   //s Brian K. Mazen
Brian K. Mazen
Attorneys for Plaintiff and Cross-Defendant MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY