# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>           Plaintiff,<br>vs.<br><br>THE ESTATE OF JULIAN HERMOSILLO, a California Probate Estate,<br><br>           Defendants.<br>_____<br>THE ESTATE OF JULIAN HERMOSILLO, a California Probate Estate and TITO HERMOSILLO,<br><br>           Cross-Complainants,<br>vs.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>           Cross-Defendants. | CASE NO. 07cv2326-LAB (WMc)<br><br>**ORDER REQUIRING STATUS BRIEFING** |

By Notice of Settlement filed May 30, 2008 in this action seeking rescission of a life insurance policy and declaratory relief, counsel for plaintiff and cross-defendant Massachusetts Mutual Life Insurance Company ("Mass. Mutual") represented the action was settled "subject to the parties executing a formal, written settlement agreement" in the process of being prepared. Dkt No. 9. Defendants and Cross-Complainants the Estate of

Julian Hermosillo (recited to be a California probate estate) and Tito Hermosillo (recited to be the putative beneficiary of decedent's life insurance policy forming the subject matter of this litigation) (collectively "Defendants" or "Cross-Complainants"), through their counsel, Stephen J. Estey, Esq., concur the settlement agreement was anticipated to dispose of the Complaint and of defendants' Cross-Complaint, followed by the filing of a Stipulation For Dismissal.

On July 24, 2008, the court convened a telephonic status conference with counsel for Mass. Mutual, Brian K. Mazen, Esq., and counsel for Defendants, Mr. Estey, after it had come to the court's attention upon inquiry as to the status of the Stipulation For Dismissal: (1) no probate estate would in fact be opened, depriving Mass. Mutual of any authorized signatory to bind potential claimants under the insurance policy to the settlement terms; and (2) Defendants/Cross-Complainants desired to withdraw their Answer and Cross-Complaint, in apparent anticipation the case subsequently might be resolved through a default or some other procedural mechanism requiring no further participation on their parts.

There appears to be no dispute the parties have resolved the merits of the dispute, leaving only the procedural issue of how technically to effectuate finality of the action with prejudice to formally terminate the case in the absence of a probate estate representative. In consideration of the unusual procedural posture of the action, **IT IS HEREBY ORDERED** the parties shall jointly file one brief setting forth stipulated facts and a statement of each side's respective position, including suggested options with citations to authority to guide the court in arriving at a resolution dispositive of this action. The joint briefing shall be filed on or before ***August 22, 2008***. Absent further court Order, the matter will thereafter be under submission for decision on the papers and without oral argument.

**IT IS SO ORDERED**.

DATED: July 24, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge