1   Linda M. Lawson (Bar No. 77130)
    LLawson@mmhllp.com
2   Brian K. Mazen (Bar No. 130777)
    BMazen@mmhllp.com
3   MESERVE, MUMPER & HUGHES LLP
    300 South Grand Avenue, 24th Floor
4   Los Angeles, California 90071-3185
    Telephone: (213) 620-0300
5   Facsimile: (213) 625-1930

6   Attorneys for Plaintiff and Cross-Defendant
    MASSACHUSETTS MUTUAL LIFE
7   INSURANCE COMPANY

8   Stephen J. Estey (Bar No. 163093)
    Steve@estey-bomberger.com
9   ESTEY & BOMBERGER
    2869 India Street
10  San Diego, California 92103
    Telephone: (619) 295-0035
11  Facsimile: (619) 295-0172

12  Attorney for Defendant and Cross-Complainant
    THE ESTATE OF JULIAN HERMOSILLO and
    Cross-Complainant TITO HERMOSILLO
13

14              UNITED STATES DISTRICT COURT

15            SOUTHERN DISTRICT OF CALIFORNIA

16  MASSACHUSETTS MUTUAL LIFE   )   Case No. 07 CV 2326 LAB (WMc)
    INSURANCE COMPANY,          )
17                              )
            Plaintiff,          )
18                              )
        vs.                     )   **JOINT STATUS REPORT RE CASE**
19  THE ESTATE OF JULIAN        )   **AND SETTLEMENT STATUS**
    HERMOSILLO, a California Probate )
20  Estate,                     )
                                )
21          Defendant.          )
                                )
22  THE ESTATE OF JULIAN        )
    HERMOSILLO, a California Probate )
23  Estate and TITO HERMOSILLO, )
                                )
24          Cross-Complainants, )
                                )
25      vs.                     )
    MASSACHUSETTS MUTUAL LIFE   )
26  INSURANCE COMPANY,          )
                                )
27          Cross-Defendant.    )
                                )
28

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

95761.1                         1                    JOINT STATUS REPORT RE CASE AND
                                                     SETTLEMENT STATUS

Pursuant to the Court's Order Requiring Status Briefing dated July 24, 2008, Plaintiff and Cross-Defendant Massachusetts Mutual Life Insurance Company (hereinafter "MassMutual"), by and through its attorney of record, Brian K. Mazen of Meserve, Mumper & Hughes LLP, and Defendant and Cross-Complainant The Estate of Julian Hermosillo (hereinafter the "Estate") and Cross-Complainant Tito Hermosillo (hereinafter "Tito"), by and through their attorney of record, Stephen J. Estey of Estey & Bomberger, hereby submit the following Joint Status Report.

1.    **STIPULATED FACTS.**

    A.    **The Life Insurance Policy**

On March 7, 2007, Julian Hermosillo (hereinafter "Julian") applied for a whole life insurance policy with MassMutual in the face amount of $250,000.00. The beneficiary of the applied for life insurance policy was Julian's nephew, Tito. In response to question No. 9 of Section A of Part 1 of the Application for the whole life policy, Julian represented that he had a "Financial Net Worth $1.5 million."

At the time Julian applied for the whole life policy and up through the time of his death on March 29, 2007, Julian was a single adult who had never been married. Julian's date of birth was June 29, 1983, thus making him 23-years old at the time of his death.

In reliance on the statements and representations made in the Application, MassMutual approved and issued a Whole Life Insurance Policy (hereinafter the "Policy") to Julian with an issue and policy date of March 19, 2007. The insured and owner of the Policy was Julian. The beneficiary of the Policy was Julian's nephew, Tito. The Policy provided life insurance benefits in the face amount of $250,351.00.

    B.    **Julian's Death and The Claim for Benefits Under the Policy.**

On March 29, 2007, Julian died. At the time of his death, Julian was survived by his mother, Lelis Hermosillo (hereinafter "Lelis"), his father, Manuel Hermosillo

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

95761.1                                    2                    JOINT STATUS REPORT RE CASE AND
                                                               SETTLEMENT STATUS

1    Delgado (hereinafter "Manuel"), and Julian's brothers, Cesario Hermosillo and Tito

2    Hermosillo Sr. (Tito's father) – all of whom are adults.

3        On June 22, 2007, Tito filed a claim for benefits under the Policy.  In

4    investigating the claim submitted, MassMutual discovered for the first time that

5    certain material representations and statements contained in the Application

6    completed and submitted by Julian were false.

7        **C.    The Rescission and Litigation.**

8        Based upon these material misrepresentations in the Application, on

9    December 7, 2007 MassMutual sent the Estate (which represents the interests of the

10   deceased owner of the Policy, Julian) a Notice of Rescission letter and on December

11   12, 2007 MassMutual filed with this Court a Complaint for Rescission and

12   Declaratory Relief (hereinafter the "Complaint") against the Estate in order to

13   follow through in formally rescinding the Policy.

14       On February 6, 2008, Julian's mother, Lelis, executed and sent MassMutual's

15   counsel an Acknowledgment of Receipt of Summons and Complaint form on behalf

16   of the Estate.  Based on Lelis' execution and return of this Acknowledgment of

17   Receipt form, MassMutual's counsel believed that Lelis had opened up a probate

18   estate for Julian and that she had been appointed as the official representative of the

19   Estate.

20       On February 26, 2008, the Estate, through its attorney of record, Stephen

21   Estey, filed an Answer to MassMutual's Complaint.  In answering Paragraph 4 of

22   the Complaint, the Estate admitted that the Estate is the probate estate of Julian and

23   that it is being, or will be, administered in the State of California, County of San

24   Diego.  Also on February 26, 2008, the Estate and Tito filed a Cross-Complaint for

25   Breach of Contract and Bad Faith (hereinafter the "Cross-Complaint") against

26   MassMutual.  In Paragraph 3 of the Cross-Complaint, the Estate and Tito assert that

27   the Estate is, and at all relevant times was, a probate estate administered in the State

28   of California, County of San Diego.

1  On March 17, 2008, MassMutual filed an Answer to the Estate and Tito's

2  Cross-Complaint.

3  **D.    The Settlement Agreement.**

4  On April 28, 2008, MassMutual's counsel sent the Estate and Tito's counsel a

5  copy of MassMutual's non-privileged file in this matter which supported its claims

6  and defenses pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil

7  Procedure.

8  On May 30, 2008, MassMutual, and the Estate and Tito, through their

9  respective counsel, reached a global settlement of this entire action.  In short, the

10  settlement consisted of MassMutual paying the Estate and Tito the sum of $4,000.00

11  in exchange for a general release of all claims concerning the Policy and an

12  acknowledgment that MassMutual's rescission of the Policy was proper.

13  On May 30, 2008, MassMutual's counsel filed with this Court a Notice of

14  Settlement advising the Court that the action had been settled subject to the parties

15  execution of a formal written settlement agreement and that they anticipated filing a

16  Stipulation for Dismissal and [Proposed] Order thereon within the next 45-days.

17  On June 3, 2008, MassMutual's counsel prepared and sent the Estate and

18  Tito's counsel a proposed Settlement Agreement and Mutual Release (hereinafter

19  the "Settlement Agreement").  The proposed parties and signatories to this

20  Settlement Agreement were the Estate (the sole defendant to the rescission action),

21  Lelis (the decedent's mother), individually and as the Executor of the Estate, Manuel

22  (the decedent's father), Tito (the Policy's beneficiary), and MassMutual.

23  On June 18, 2008, the Estate and Tito's counsel approved the Settlement

24  Agreement.

25  **E.    Probate Estate Not Yet Opened.**

26  At the same time MassMutual's counsel learned of the Estate and Tito's

27  approval of the Settlement Agreement, he also learned, for the first time, that

28  Julian's mother, Lelis, had not yet opened a probate estate for Julian and that she had

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95761.1                4                JOINT STATUS REPORT RE CASE AND
                                        SETTLEMENT STATUS

1  not yet been appointed as the official representative of the Estate.

2     After being told by MassMutual's counsel that the appointment of an official

3  representative of the Estate (the sole defendant to the rescission action) was critical

4  and necessary to properly execute the Settlement Agreement and resolve this action,

5  on July 8, 2008 counsel for the Estate and Tito represented to MassMutual's counsel

6  that Lelis had been instructed to open and would be opening a probate estate for

7  Julian.

8     On July 10, 2008, this Court's Clerk (Rhoda) contacted MassMutual's counsel

9  to inquire about the status of the parties' settlement and anticipated dismissal of the

10 action.  Based on this Court inquiry, on July 10, 2008 MassMutual's counsel again

11 contacted the Estate and Tito's counsel to inquire about the status of their client's

12 (Lelis) opening of the probate estate for Julian.

13     **F.    The Hermosillo Family No Longer Wants to Open a Probate**

14         **Estate.**

15     In response to this inquiry to the Estate and Tito's counsel, on July 11, 2008

16 MassMutual's counsel learned, for the first time, that Lelis (and apparently the entire

17 Hermosillo family) did not intend on going through with opening a probate estate

18 for Julian and that the Estate and Tito now wanted to "dismiss their case without

19 prejudice."  In response to this revelation, MassMutual's counsel advised the Estate

20 and Tito's counsel that while MassMutual had no objection to the dismissal of the

21 Cross-Complaint with prejudice, MassMutual would not dismiss its Complaint for

22 Rescission because, among other things, it would not bring complete and proper

23 closure to the rescission of the Policy and it would open MassMutual up to potential

24 future liability under the Policy.

25     On July 24, 2008, MassMutual's counsel and the Estate and Tito's counsel

26 conducted a conference call with the Court's Clerk (Rhoda) to discuss the status of

27 this case.  This telephonic conference prompted this Court to issue the instant Order

28 Requiring Status Briefing.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95761.1                                5                  JOINT STATUS REPORT RE CASE AND
                                                          SETTLEMENT STATUS

## 2.     MASSMUTUAL'S POSITION AND PROPOSED OPTIONS.

### A.     Lelis and the Estate and Their Counsel have Represented to Both MassMutual and This Court that They Were/Are Authorized to Represent the Estate of Julian.

By executing and submitting the Acknowledgement of Receipt of Summons of Complaint form *on behalf of the Estate*, Lelis expressly represented to MassMutual and this Court that she was the authorized representative of Julian's Estate.

By signing and filing the Estate's Answer to MassMutual's Complaint and the Estate and Tito's Cross-Complaint for bad faith against MassMutual, Lelis and her counsel have expressly represented to this Court and MassMutual, under Rule 11(b) of the Federal Rules of Civil Procedure, that they were authorized to take legal and other action on behalf of Julian's Estate, including defending the rescission action, prosecuting a bad faith action, and entering into a settlement agreement.

Even after it was revealed that Lelis had not yet opened up a probate estate for Julian, her counsel continued to represent to MassMutual's counsel that Lelis would be taking appropriate steps to get Julian's Estate opened and herself appointed as the Estate's official representative.    Indeed, counsel subsequently agreed to the Settlement Agreement knowing that an estate had to be opened and representing that such estate would be opened.

Only after learning that MassMutual's rescission of the Policy was proper, that their bad faith case had no merit, and that they would only be able to recover a nuisance value of $4,000.00 from MassMutual, and after they already agreed to the settlement agreement, did Lelis and her attorney then decide to "dismiss their case." MassMutual contends that if Lelis and her attorney would have been able to obtain a larger sum from MassMutual in the settlement of their bad faith case, their failure to follow through in opening a probate estate for Julian would not be at issue now.

Having represented to MassMutual and this Court that they were duly

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95761.1                                      6                            JOINT STATUS REPORT RE CASE AND
                                                                          SETTLEMENT STATUS

1  authorized to represent and appear on behalf of the Estate, Lelis and her counsel

2  should be ordered to promptly open the estate and be compelled to abide by the

3  terms of the Settlement Agreement.

4      **B.    By Filing Its Answer and Cross-Complaint, the Estate has**

5      **Voluntarily Submitted to the Jurisdiction of this Court and Will**

6      **Remain A Party to This Action Even If Its Answer is Withdrawn.**

7      The Estate and its counsel have not only filed an Answer to the Complaint for

8  rescission, but they, along with Tito, have filed a Cross-Complaint for bad faith

9  against MassMutual.  The Estate and Tito apparently now want to "dismiss their

10 case," even though MassMutual has filed its Answer to the Cross-Complaint.  While

11 MassMutual has no objection to and will stipulate to the dismissal of the Cross-

12 Complaint with prejudice, because MassMutual has filed and served an Answer to

13 the Cross-Complaint, MassMutual contends that a court order is required to dismiss

14 that Cross-Complaint and that such dismissal must be conditioned on the Estate

15 being opened and the appointment of an official representative of the Estate.  See

16 Rule 41(a) of the Federal Rules of Civil Procedure.

17     As for the Estate's Answer to MassMutual's Complaint, MassMutual contends

18 that by answering the Complaint and appearing in this action, the Estate freely and

19 voluntarily submitted to the jurisdiction of this Court and that the withdrawal of its

20 Answer would also require a court order.  Furthermore, MassMutual contends that

21 even if the Estate's Answer is withdrawn, the Estate will still remain a party to this

22 action and that its counsel, Estey & Bomberger, will remain their attorneys of

23 record.  In order for the Estate's counsel to withdraw as attorneys of record,

24 MassMutual contends that they will either need to obtain written permission from

25 the client (to wit: an official court appointed representative of the Estate) and file an

26 appropriate substitution of attorney document or move to obtain such an order from

27 this Court.

28

LAW OFFICES
**MESERVE,**
**MUMPER &**
**HUGHES LLP**

1  **C.**    **An Official Estate Representative Must Be Appointed So That the**
2      **Settlement Agreement May be Enforced and This Rescission**
3      **Action May Be Brought to a Conclusion.**

4      The owner of the Policy was Julian. After his death, his interests are
5  represented by his probate estate. Consequently, in order to properly rescind the
6  Policy, including returning the $160.73 premium payment Julian made to
7  MassMutual for the Policy, an official representative of the Estate needs to agree to
8  the rescission of the Policy or sign off on the Settlement Agreement.

9      If someone other than an official representative of the Estate agrees to the
10 rescission or signs off on the Settlement Agreement, MassMutual could be subject
11 to future liability from a subsequently appointed official Estate representative who
12 may claim the rescission or settlement was improper or unauthorized. Although
13 MassMutual might be able to obtain releases from all of Julian's *known* family
14 members and heirs (which would undoubtedly be a very burdensome and expensive
15 task), it cannot with absolute certainty obtain releases from all of Julian's family
16 members and heirs because there may be some *unknown* heirs out there, including
17 potential unknown minor children of Julian.

18     Consequently, obtaining releases from all of Julian's family members and
19 heirs through settlement agreements is not a viable option for MassMutual.

20     **D.**    **Lelis and/or The Hermosillo Family Are Best Situated to Open**
21     **Julian's Estate.**

22     All of the personal, financial, heir, and other information and documentation
23 needed to open and administer a probate estate for Julian are in the sole possession
24 of Leslis and/or the Hermosillo family. MassMutual has <u>no knowledge whatsoever</u>
25 about the identity and nature of Julian's assets and liabilities, his heirs (including
26 their addresses and contact information), his estate planning documents, if any, or
27 any other information and/or documents that may be necessary to successfully open
28 and administer a probate estate on behalf of Julian.

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**
95761.1
8
JOINT STATUS REPORT RE CASE AND
SETTLEMENT STATUS

It cannot be disputed that Lelis and/or other members of the Hermosillo family are the best and logical persons to open and administer a probate estate on behalf of Julian, nor is there any evidence that they are not capable or able to do so. To the contrary, just as they were able to pursue a bad faith case against MassMutual on behalf of their deceased son, they should also be able to pursue and open a probate estate on his behalf. Further, based on the fact that Julian represented in his Application for the Policy that he had a net worth of $1.5 million, MassMutual is wondering why the Hermosillo family has not yet already opened up a probate estate for Julian (MassMutual has no knowledge of Julian's estate planning documents, including a potential Trust).

**E.**     **MassMutual Will Be Prejudiced If Lelis and/or The Hermosillo Family Does Not Follow Through in Opening Up a Probate Estate for Julian.**

As set forth above, the only way to properly complete the rescission of the Policy and the settlement and dismissal of this rescission action is to have an official representative of the Estate appointed so that he/she can agree to the rescission of the Policy or sign off on the Settlement Agreement.

Although MassMutual is only interested in getting an estate representative appointed to complete the rescission of the Policy, if it is required to attempt to open Julian's Estate it would have to go much further than what should be required of it, including having to identify, marshal and distribute all estate assets (which apparently have a value of at least $1.5 million) and identify, evaluate, and deny or pay all creditor claims, which actions by themselves could lead to further adversary litigation and costs for MassMutual.

Not only would this task of opening a probate estate for which it has no knowledge be very difficult, burdensome, and costly, but it would also force MassMutual to, in essence, litigate against itself. Specifically, MassMutual would be required to retain a third party, such as a professional fiduciary, to act as the

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95761.1                                    9                              JOINT STATUS REPORT RE CASE AND
                                                                          SETTLEMENT STATUS

Estate's representative (an adverse party) and then take all legal and other related action to open the Estate, get that third party appointed as the official Estate representative, and administer the Estate through distribution and conclusion, including negotiating another deal concerning the rescission of the Policy. All such action would unfairly be at MassMutual's sole expense and to the Hermosillo family's benefit. Thus, not only would MassMutual have to incur the burden and expense of the underlying rescission action, which action was necessitated solely by Julian's wrongful misrepresentations, but it would have to unnecessarily incur the burden and expense of opening and administering Julian's Estate so that it can properly complete the rescission of the Policy and bring this action to a conclusion. MassMutual should not be forced to bear the burden and expense on both ends, especially since the rescission action was necessitated by Julian's wrongful actions and because Julian has capable family members, including his mother and father, who should logically want to probate, and bear the burden of probating, Julian's $1.5 million Estate.

F.   **Lelis and/or the Hermosillo Family and Their Counsel Should Be Compelled to Open Julian's Estate or, in the Alternative, Required to Reimburse MassMutual For All Attorneys' Fees and Costs Under Rule 11 and/or Rule 41(a)(2).**

As set forth above, by signing and filing the Estate's Answer to MassMutual's Complaint for rescission and the Estate's Cross-Complaint for bad faith against MassMutual, Lelis and her attorney have represented to this Court and MassMutual, under Rule 11(b)(3) and Rule 41 of the Federal Rules of Civil Procedure, that they were authorized to take legal and other action on behalf of Julian's Estate, that such representations had evidentiary support and the case had been settled. As it turns out, such representations were untrue or not supported by the facts or any evidence.

In order to remedy these misrepresentations and MassMutual's detrimental reliance thereon, MassMutual proposes and requests that the Court issue an order, as

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95761.1                                        10                    JOINT STATUS REPORT RE CASE AND
                                                                     SETTLEMENT STATUS

a sanction under Rule 11 or as a term and condition of the dismissal the Estate is requesting under Rule 41(a)(2), compelling Lelis and/or the Hermosillo family and their counsel to immediately open and administer a probate estate for Julian, including having an official representative of the Estate appointed so that he/she can agree to the rescission of the Policy or sign off on the Settlement Agreement.

Alternatively, if Lelis and/or the Hermosillo family and their counsel are not ordered to open and administer Julian's probate estate, then MassMutual proposes and requests that the Court issue an order, as a sanction under Rule 11(c), requiring Lelis and/or the Hermosillo family and their counsel to reimburse MassMutual for all attorneys' fees and costs it incurs in connection with opening and administering a probate estate for Julian. Additionally, MassMutual proposes and requests that the Court issue an order compelling Lelis, the Hermosillo family, and their counsel to, in good faith, fully cooperate in providing MassMutual with any and all necessary information and documents, in performing any acts, and in executing and delivering any documents that may be reasonably necessary to open and administer the probate estate of Julian and/or to in any way assist MassMutual with the opening and administration of the probate estate of Julian.

In the event Lelis, the Hermosillo family, and their counsel are allowed to abandon this case and leave MassMutual hanging in this action, MassMutual proposes and requests that the Court issue an order, as a sanction under Rule 11(c) or a condition of dismissal of its Cross-Complaint under Rule 41(a)(2), requiring Lelis, the Hermosillo family, and their counsel to reimburse MassMutual for all attorneys' fees and costs it has incurred in connection with this action from the first time they misrepresented that they had the authority to act on behalf of the Estate (to wit: when Lelis executed and provided MassMutual's counsel with an Acknowledgment of Receipt of Summons and Complaint form on February 6, 2008 and certainly no later than when their counsel signed and filed their Answer and Cross-Complaint on February 26, 2008) through the date they and their counsel are

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95761.1                    11                    JOINT STATUS REPORT RE CASE AND
                                                 SETTLEMENT STATUS

removed from this action. Specifically, based on Lelis' and her counsel's misrepresentations contained in the Acknowledgment of Receipt form, Answer, and Cross-Complaint, MassMutual has been deceived into unnecessarily participating in costly litigation with parties and counsel who actually never had proper authority to act on behalf of Julian's Estate, defend this rescission action, prosecute a bad faith action, or enter into a settlement agreement. But for these misrepresentations, MassMutual would not have gone down this costly and futile dead end path.

In the event the Court is not inclined to now order such conditions of the dismissal of this action under Rule 41(a), MassMutual will be happy to prepare, file and serve a Rule 11(c) Motion under Rule 5 of the Federal Rules of Civil Procedure.

**3.    THE ESTATE AND TITO'S POSITION AND PROPOSED OPTIONS.**

It is the Estate and Tito Hermosillo's desire to either settle the case without opening a probate estate or dismiss their cross-complaint and withdraw their answer to Mass Mutual's complaint.

**4.    CONCLUSION.**

In order to assist the parties in determining how to further proceed with this matter, MassMutual, the Estate, and Tito hereby seek and request guidance and instruction from the Court in response to the proposed options set forth above.

Dated:  August 19, 2008            MESERVE, MUMPER & HUGHES LLP
                                   Linda M. Lawson
                                   Brian K. Mazen

                                   By:_____//s Brian K. Mazen_____
                                       Brian K. Mazen
                                       Attorneys for Plaintiff and Cross-
                                       Defendant MASSACHUSETTS
                                       MUTUAL LIFE INSURANCE
                                       COMPANY

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95761.1                           12                JOINT STATUS REPORT RE CASE AND
                                                    SETTLEMENT STATUS

1

2    Dated:  August____9____, 2008          ESTEY & BOMBERGER
                                            Stephen J. Estey
3

4                                           By:_____

5                                               Stephen J. Estey
                                                Attorneys for Defendant and Cross-
6                                               Complainant THE ESTATE OF
                                                JULIAN HERMOSILLO and Cross-
7                                               Complainant TITO HERMOSILLO

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95761.1                                     13                    JOINT STATUS REPORT RE CASE AND
                                                                 SETTLEMENT STATUS

## PROOF OF SERVICE BY ELECTRONIC SERVICE

## THROUGH THE USDC-SOUTHERN DISTRICT

STATE OF CALIFORNIA          )
                             )    ss.:
COUNTY OF LOS ANGELES        )

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 300 South Grand Avenue, 24th Floor, Los Angeles, California 90071-3185.

    On August 19, 2008, through the USDC-Southern District, an CM/ECF Notice of Electronic Filing was served on interested parties informing them that the following document had been filed and was accessible through the Court's CM/ECF link:

**JOINT STATUS REPORT RE CASE AND SETTLEMENT STATUS**

☒   (E-MAIL)   through the United States District Court, Southern District's CM/ECF Notice of Electronic Filing to the e-mail addresses listed below.

**COUNSEL FOR DEFENDANTS**
Steve@estey-bomberger.com
info@estey-bomberger.com

Whose mailing address is:

Stephen J. Estey, Esq.
ESTEY & BOMBERGER
2869 India Street
San Diego, CA  92103

    Executed on August 19, 2008, at Los Angeles, California.

    I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the filing was made and that the foregoing is true and correct.

| TINA M. ABRANTE | //S TINA M. ABRANTE |
|---|---|
| (Type or print name) | (Signature) |

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95761.1

14

JOINT STATUS REPORT RE CASE AND
SETTLEMENT STATUS